# JURY TRIAL DEMANDED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SQUARE, INC. and JAMES MCKELVEY | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:10-cv-02243 TIA |
| vs. | ) |
| | ) |
| REM HOLDINGS 3, LLC | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM AGAINST SQUARE, INC. AND JAMES MCKELVEY

REM HOLDINGS 3, LLC (hereinafter Defendant), through its attorney, answers the Complaint of Square, Inc. and James McKelvey (hereinafter Plaintiffs) as set forth as follows, and hereby brings a counterclaim against Plaintiffs.

NATURE OF THE ACTION

1. This is an action for correction of inventorship under 35 U.S.C. §256 with respect to U.S. Patent No. 7,810,729 ("the '729 Patent"). A true and correct copy of the '729 Patent is attached hereto as Exhibit 1.

ANSWER: Defendant admits that this purports to be an action for correction of inventorship, but Defendant denies the substance of the alleged claim or that any error exists as to the inventorship of U.S. Patent No. 7,810,729.

2. The '729 Patent entitled "Card Reader Device for a Cell Phone and Method of Use," issued on October 12, 2010 from U.S. Patent Application Ser. No. 12/456,134 ("the '134 Application") filed on June 10, 2009, and names Robert E. Morley, Jr. as the sole inventor. On its face the '729 Patent

lists REM Holdings 3, LLC as the assignee of the '729 Patent.

   ANSWER:  Defendant admits the allegations contained in Paragraph 2 of the Complaint.

 3. Plaintiff James McKelvey is a joint inventor on inventions claimed in the '729 Patent yet, through omission, inadvertence and/or error, was not named as an inventor along with Robert E. Morley, Jr.

   ANSWER:  Defendant denies the allegations contained in Paragraph 3 of the Complaint.

 4. Mr. McKelvey is obligated to assign his rights in the '729 Patent to Plaintiff Square, Inc.

   ANSWER:  Defendant lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 4 of the Complaint and therefore denies the allegations.

 5. Mr. McKelvey and Square, Inc. request that the Court order the Commissioner for Patents of the United States Patent and Trademark Office ("USPTO") to correct the '729 Patent to add Mr. McKelvey as a joint inventor.

   ANSWER:  Defendant denies the substance of the alleged claim or that any error exists as to the inventorship of U.S. Patent No. 7,810,729, and denies that Mr. McKelvey should be added as a joint inventor.

## THE PARTIES

 6. Plaintiff Square, Inc. ("Square") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 901 Mission St., Suite 104, San Francisco, CA 94103 and a place of business at 6150A Delmar Blvd., Suite 200, St. Louis, MO 63112.

   ANSWER:  Defendant lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 6 of the Complaint and therefore denies the allegations.

 7. Plaintiff James McKelvey ("McKelvey") is an individual and resident of the State of Florida residing in Pensacola, Florida.

   ANSWER:  Defendant admits that James McKelvey is an individual, but Defendant

lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 7 of the Complaint and therefore denies the allegations.

8. On information and belief, Defendant REM Holdings 3, LLC ("REM") is a limited liability company with a principal place of business within this District in St. Louis, Missouri, organized under the laws of the State of Missouri. On information and belief, REM's sole organizer, member and registered agent in Missouri is Robert E. Morley, Jr., who resides within this District in St. Louis, Missouri.

ANSWER: Defendant admits that it is a limited liability company with a principal place of business in this District and it is organized under the laws of the State of Missouri. Defendant admits that Robert E. Morley, Jr. is Defendant's organizer and registered agent, but Defendant denies that Robert E. Morley, Jr. is Defendant's sole member.

## JURISDICTION AND VENUE

9. This action is brought under the patent laws of the United States, 35 U.S.C. §101 *et seq.*, and in particular, 35 U.S.C. §256. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

ANSWER: Defendant admits that this action purports to be an action brought under the patent laws of the United States, but Defendant denies the substance of the alleged claims or that any error exists as to the inventorship of U.S. Patent No. 7,810,729. Defendant admits that this Court has subject matter jurisdiction over this action.

10. Personal jurisdiction and venue are proper in this Judicial District pursuant to 28 U.S.C. §1391(b) because for purposes of personal jurisdiction and venue a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District. In addition, venue of this action is properly found in this Judicial District pursuant to 28 U.S.C. §1391(b) and (c) because REM is subject to personal jurisdiction in this Judicial District.

ANSWER: Defendant admits that personal jurisdiction and venue is proper in this District. Defendant denies the substance of the alleged claim or that any omissions occurred.

FACTUAL BACKGROUND

11. Plaintiff James McKelvey is a software engineer who earned dual bachelor's degrees in Computer Science and Economics from Washington University in St. Louis ("Washington University"). Shortly after graduating from Washington University in 1987, Mr. McKelvey founded a software company called Mira, Inc. ("Mira") and has served as Mira's president and chief scientist for the past 23 years. Mira specializes in content collection and publishing over the Internet using proprietary software developed by Mira. Mr. McKelvey is also an artist, a glass blower, who owns and operates glass studios and who has taught courses in glass blowing. When Mr. McKelvey founded Mira, he funded Mira in part from the proceeds from sales of his glass art.

ANSWER: Defendant lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 11 of the Complaint and therefore denies the allegations.

12. Over the years, Mr. McKelvey showed and sold his glass art at a number of venues. Mr. McKelvey, however, had to forego some sales because he could not accept credit card payments. The hardware necessary to accept credit card payments was cumbersome and processing credit card payments was difficult. In or about February 2009, in a flash of inventive insight, Mr. McKelvey conceived of a way in which businesses and individuals could easily accept and process credit card payments. Mr. McKelvey conceived of using a cell phone to process credit card payments. Mr. McKelvey conceived of an invention in which a card reader for reading magnetic card stripes such as those found, for example, on credit cards, debit cards, gift cards and the like, would be plugged into a cell phone input jack. Mr. McKelvey also conceived of a magnetic card reader that is small in size so that it would not be cumbersome and would easily plug into a user's cell phone.

ANSWER: With respect to the allegations contained in the first five sentences of

Paragraph 12, Defendant lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 12 of the Complaint and therefore denies the allegations.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

    13.    In or about February 2009, Mr. McKelvey discussed his invention ideas with his friend Mr. Jack Dorsey, an entrepreneur who is also a co-founder of Twitter.  Mr. Dorsey and Mr. McKelvey discussed Mr. McKelvey's invention, and together co-founded Square, Inc. to exploit Mr. McKelvey's inventions.  Mr. Dorsey and Mr. McKelvey discussed alternate approaches to using a cell phone to process credit card payments.  Mr. Dorsey favored using the cell phone camera to read the credit card number but Mr. McKelvey concluded that the best approach was to plug a magnetic card reader into a cell phone input jack.

    ANSWER:  Defendant lacks knowledge and information sufficient to form a belief as to the allegations of Paragraph 13 of the Complaint and therefore denies the allegations.

    14.    In or about February 2009, Mr. McKelvey contacted his friend of 20 years, Mr. Robert Morley, Jr., to help build a prototype magnetic card reader that could be plugged into a cell phone input jack.  Mr. Morley, a professor at Washington University, had previous experience working with magnetic card readers.  Over a period of several days, working in Mr. McKelvey's glass studio and Mr. Morley's laboratory at Washington University, Mr. McKelvey and Mr. Morley exchanged ideas regarding the design of the prototype card reader.  Mr. Morley built a prototype magnetic card reader in his laboratory at Washington University, and Mr. McKelvey and Mr. Morley tested the prototype card reader in Mr. Morley's Washington University laboratory.

    ANSWER:  Defendant admits that in or about February 2009, Mr. McKelvey contacted Dr. Robert E. Morley, Jr. ("Dr. Morley"), that Dr. Morley and Mr. McKelvey had been friends for about 20 years, that Dr. Morley is a professor at Washington University and had previous experience working with magnetic card readers, that Dr. Morley built and tested a prototype magnetic card reader, however,

Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. After successful testing of the initial prototype that Mr. Morley built, Messrs. Morley and McKelvey jointly constructed several more examples using the circuit designed by Mr. Morley. Mr. McKelvey, working alone, then incorporated these circuits into miniaturized cases and continued testing the card readers.

ANSWER: Defendant admits that after the successful testing of the initial prototypes conceived and built by Dr. Morley (i.e., after the initial prototype was successfully operated and achieved its intended purpose of reading the magnetic stripe on a card), Dr. Morley and Mr. McKelvey (at the direction and control of Dr. Morley) constructed several more card reader devices using the circuit conceived and designed by Dr. Morley. Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

16. In or about March 2009, Mr. McKelvey suggested a further change to the card reader's circuitry. This change significantly improved the output of the reader and reduced the number of electrical components by fifty percent. The card reader circuitry shown in the figures of the '729 Patent is Mr. McKelvey's design.

ANSWER: Defendant denies the allegations contained in Paragraph 16 of the Complaint

17. In or about April 2009, Messrs McKelvey, Morley and Dorsey discussed obtaining patent protection for the magnetic card reader that can be plugged into a cell phone. Mr. Morley contacted a patent attorney, Mr. David Chervitz, to do a prior art search. Mr. McKelvey paid Mr. Chervitz's fees for the search. In or about May 2009, Mr. Morley received the results of the prior art search and discussed them with Messrs. McKelvey and Dorsey. On or about May 4, 2009, Messrs. McKelvey, Morley, and Dorsey decided to pursue patent protection on magnetic card reader inventions for which Mr. McKelvey is a joint inventor. Mr. Morley offered to shepherd the patent application

through the application and prosecution process.

ANSWER: Defendant admits that in or about April 2009, Dr. Morley and Messrs. McKelvey and Dorsey discussed obtaining patent protection for Dr. Morley's invention of a magnetic card reader that can be plugged into a cell phone, that Dr. Morley contacted his patent attorney, Mr. David Chervitz, to conduct a prior art search, that in or about May 2009, that Dr. Morley received the results of the prior art search and discussed them with Messrs. McKelvey and Dorsey, and that on or about May 4, 2009, Dr. Morley and Messrs. McKelvey and Dorsey decided to pursue patent protection for Dr. Morley's card reader inventions. Defendant denies that Mr. McKelvey is a joint inventor. Defendant further denies the remaining allegations of Paragraph 17 of the Complaint.

18. Mr. Chervitz was retained to prepare and file a patent application. Mr. Chervitz's fees to prepare the application were paid by Mr. McKelvey.

ANSWER: Defendant admits that Dr. Morley retained his patent attorney, Mr. David Chervitz, to prepare and file the '134 Application, but Defendant denies the remaining allegations of Paragraph 18 of the Complaint.

19. On June 10, 2009, Mr. Chervitz filed the '134 Application. The Application, however, listed only Mr. Morley as the sole named inventor. That listing was in error because Mr. Morley is not the sole inventor of the inventions claimed in the '134 Application. On October 12, 2010, the '134 Application issued as the '729 Patent. Mr. Morley was listed as the sole named inventor on the '729 Patent. That listing is in error because Mr. Morley is not the sole inventor of the inventions claimed in the '729 Patent.

ANSWER: Defendant admits that on June 10, 2009, Mr. Chervitz filed the '134 Application, that Dr. Morley was listed as the sole named inventor, that on October 12, 2010, the '134 Application issued as the '729 patent, and that Dr. Morley was listed as the sole named inventor of the '729 Patent. Defendant denies the remaining allegations of Paragraph 19 of the Complaint.

20. James McKelvey significantly contributed to the conception of one or more inventions claimed in the '729 patent and thus is a joint inventor of the inventions claimed in the '729 patent. Indeed, Mr. McKelvey significantly contributed to the conception of at least claims 1, 3, 4, 6-11, 13-15, 19-22 of the '729 Patent.

ANSWER: Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '729 patent arose without any deceptive intent on Mr. McKelvey's part.

ANSWER: Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Although a letter providing notification of the error omitting Mr. McKelvey as a named inventor on the '729 patent was sent to Mr. Chervitz on October 21, 2010, on information and belief, neither Mr. Morley nor Mr. Chervitz has taken action to correct the error. A true and correct copy of an October 21, 2010 letter from Mr. Paul Davis to Mr. Chervitz is attached hereto as Exhibit 2.

ANSWER: Defendant admits that a letter was sent to Mr. Chervitz on or about October 21, 2010. However, Defendant denies the substance of the allegations in Paragraph 22 or that any error exists as to the inventorship of U.S. Patent No. 7,810,729.

COUNT I
(Correction of Named Inventor on U.S. Patent No. 7,810,729
Pursuant to 35 U.S.C. §256)

23. The allegations of paragraphs 1 through 22 of this Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

ANSWER: Defendant incorporates its answers set forth in Paragraphs 1-22 above, as if set forth fully herein.

24. James McKelvey made independent conceptual contributions to the inventions claimed

in claims 1, 3, 4, 6-11, 13-15, 19-22 of the '729 Patent.

ANSWER:  Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Through omission, inadvertence and/or error, James McKelvey was not listed on the '729 Patent as an inventor of the inventions claimed in the '729 Patent.

ANSWER:  Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The omission of James McKelvey as an inventor on the '729 Patent occurred without any deceptive intent on Mr. McKelvey's part.

ANSWER:  Defendant denies the allegations contained in Paragraph 26 of the Complaint.

### FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Defendant denies that it is liable to Plaintiffs on any of the claims alleged and denies that Plaintiffs are entitled to equitable relief or to any relief whatsoever, and states as follows:

### FIRST AFFIRMATIVE DEFENSE

27. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

28. Each of the purported claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

### THIRD AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrine of unclean hands.

FOURTH AFFIRMATIVE DEFENSE

30.     There is no error as to the inventorship of U.S. Patent No. 7,810,729, as issued.

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Plaintiffs takes nothing by way of their Complaint;

2.     That the Complaint, and each and every purported claim for relief therein, be dismissed with prejudice.

3.     That Defendant be awarded its costs of suit incurred herein, including attorney's fees and expenses; and

4.     That Defendant be awarded such other and further relief that this Court deems just and proper.

COUNTERCLAIM

Defendant and Counterclaim Plaintiff, REM HOLDINGS 3, LLC, for its counterclaim against Plaintiffs and Counterclaim Defendants, Square, Inc. and James McKelvey, states as follows.

PARTIES

1.     Defendant and Counterclaim Plaintiff REM HOLDINGS 3, LLC ("REM") is a limited liability company organized and exiting under the laws of the State of Missouri, having a principal place of business at St. Louis County, Missouri.

2.     Upon information and belief, Plaintiff and Counterclaim Defendant Square, Inc. ("Square") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 901 Mission Street, Suite 104, San Francisco, California 94103, and a place of business at 6150A Delmar Boulevard, Suite 200, St. Louis, Missouri 63112.

3.     Upon information and belief, Plaintiff and Counterclaim Defendant James McKelvey

("McKelvey") is an individual and is employed in the State of Missouri and has a place of employment in St. Louis County, Missouri.

## JURISDICTION AND VENUE

4.	This action arises under the patent laws of the United States, 35 U. S. C. §101 *et seq*. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

5.	Square is subject to personal jurisdiction in this District because, upon information and belief, Square has a place of business within this District and Square conducts business within this District.  Further Square has subjected itself to the jurisdiction and venue of this Judicial District by filing its Complaint in this matter.

6.	McKelvey is subject to personal jurisdiction in this District because, upon information and belief, McKelvey is employed in this District.  Further, McKelvey has subjected himself to the jurisdiction and venue of this Judicial District by filing his Complaint in this matter.

7.	Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and1391(c).

## FACTUAL BACKGROUND

8.	Robert E. Morley, Jr. ("Dr. Morley") is an Associate Professor of Electrical Engineering at Washington University in St. Louis.  Dr. Morley has been a professor of Electrical Engineering at Washington University in St. Louis since 1981.

9.	Dr. Morley received a Bachelors of Science Degree in Electrical Engineering from Washington University in St. Louis in 1973, a Masters of Science Degree in Electrical Engineering from Washington University in St. Louis in 1975, and a Doctor of Science Degree in Electrical Engineering from Washington University in St. Louis in 1977.

10.	Dr. Morley is a named inventor on at least eight (8) U.S. patents that relate to the subject matter of reading a magnetic stripe on a credit card.  These patents are U.S. Patent No. 5,920,628, U.S. Patent No. 6,098,881, U.S. Patent No. 6,431,445, U.S. Patent No. 6,899,269, U.S. Patent No.

7,210,627, U.S. Patent No. 7,377,433, U.S. Patent No. 7,478,751, and U.S. Patent No. 7,810,729.

11.     Dr. Morley is a named inventor on at least four (4) U.S. Patents that related to the subject matter of digital hearing aids.  These patents are U.S. Patent No. 4,548,082, U.S. Patent No. 5,111,419, U.S. Patent No. 5,225,836, and U.S. Patent No. 5,357,251.

12.     In or about February 2009, McKelvey talked to a friend, James Kiske ("Mr. Kiske") about using the camera on an iPhone to capture credit card information and then using optical character recognition (OCR) to obtain the credit card number for further processing.  Mr. Kiske suggested that McKelvey contact a mutual friend, Dr. Morley, because Mr. Kiske indicated that Dr. Morley had knowledge of credit cards.

13.     In or about February 2009, after McKelvey talked to Mr. Kiske, McKelvey contacted Dr. Morley to set up a meeting with Dr. Morley.

14.     In early February 2009, a meeting between McKelvey and Dr. Morley was held at Dr. Morley's house.

15.     During the meeting, McKelvey talked to Dr. Morley about using the camera on an iPhone to capture credit card information and then use optical character recognition (OCR) software to obtain the credit card number for further processing.

16.     Dr. Morley questioned why McKelvey would want to use optical character recognition (OCR) software to read the number of the credit card when Dr. Morley indicated that one could read the information from the magnetic stripe on the card.  McKelvey indicated that he did not know how to do that.  Dr. Morley said that he did and he would show that it could work and McKelvey asked Dr. Morley to do so.  Dr. Morley also indicated at the meeting that he could make a small credit card reader to plug into the external microphone input (audio output port) of a cell phone, such as an iPhone.

17.     Over the next several days Dr. Morley built a prototype credit card reader device which could read a magnetic stripe of a credit card to produce a signal or a waveform and then send the signal

or the waveform to a microphone input associated with an iPhone.

18. On February 19, 2009, Dr. Morley purchased an application for an iPhone known as Signal Scope which is able to transform an iPhone into an oscilloscope.

19. On February 19, 2009, Dr. Morley was successful in obtaining a waveform from his prototype credit card reader device by swiping a credit card through his prototype credit card reader device. The waveform was sent to the iPhone by the microphone input and the waveform was captured by the Signal Scope application and displayed on the iPhone by the Signal Scope application.

20. The above prototype credit card reader represents Dr. Morley's conception of substantially all of the features of the credit card reader and method described by the claims of the '729 Patent.

21. Dr. Morley conceived the small size of the credit card reader described in claim 9 of the '729 Patent.

22. Over the next few weeks, Dr. Morley conducted further testing of the credit card reader device attempting to improve the waveform received via the microphone input of the iPhone.

23. On or about April 23, 2009, Dr. Morley conceived and actually reduced to practice a way to both simplify the circuit of the credit card reader and to amplify the signal. This simplified circuit is illustrated in Fig. 2 of the '729 Patent.

24. McKelvey did not contribute to the conception of the credit card reader devices and methods invented by Dr. Morley and described by the claims of the '729 p\Patent.


COUNT I

DECLARATORY JUDGMENT FOR PATENT INVENTORSHIP

25. REM realleges and reincorporates by reference paragraphs 1-24 of its Counterclaim.

26. An actual case or controversy exists between REM, Square, and McKelvey regarding

the inventorship of the '729 Patent.

27. Dr. Morley solely conceived of, reduced to practice, and filed a patent application for the invention of a card reader device and method.

28. McKelvey made no inventive contributions to the card reader device or method claimed in claims 1-22 of the '729 Patent.

29. There was no omission, inadvertence, and/or error in not naming McKelvey as an inventor of the '729 Patent.

30. Because the Counterclaim Defendants have filed their Complaint to correct inventorship of the '729 Patent, there is an actual case or controversy before the Court with regard to REM's inventorship rights in the '729 Patent and specific relief may be granted pursuant to 28 U.S.C. §2201 for a judgment that Robert E. Morley, Jr. is the sole inventor of U.S. Patent No. 7,810,729 that will resolve the controversy giving rise to this Counterclaim.

WHEREFORE, REM prays that this Court enter its declaratory judgment respecting the rights, remedies, and legal obligations of the parties to this lawsuit and specifically declare that:

(a) Robert E. Morley, Jr. is the sole inventor of U.S. Patent No. 7,810,729;

(b) James McKelvey made no conceptual contributions to the invention claimed in U.S. Patent No. 7,810,729;

(c) James McKelvey should not be listed on U.S. Patent No. 7,810,729 as an inventor;

(d) Square and McKelvey shall pay to REM the costs of this action and Counterclaim and REM's attorney's fees; and

(e) Grant REM such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

In accordance with Rules 5 and 38, Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff, REM Holdings 3, LLC, hereby demands a jury trial on all issues triable to a

jury.

Respectfully submitted,

Date:  January 7, 2011                     /s/David H. Chervitz
                                           David H. Chervitz (EDMO #34620MO)
                                           458 Whitestone Farm Drive
                                           Chesterfield, Missouri 63017
                                           (314) 398-0711

                                           dhcherv@aol.com

                                           Attorney for Defendant

## CERTIFICATE OF SERVICE

Signature above is also certification that on January 7, 2011, a true and correct copy of the foregoing DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM AGAINST SQUARE, INC. and JAMES MCKELVEY. was electronically filed with the Clerk of the Court utilizing the CM/ECF system which will send notification of such filling to:

>Michael A. Kahn
>Bryan Cave LLP
>One Metropolitan Square
>211 North Broadway, Suite 3600
>St. Louis, Missouri 63102-2750
>
>Erica D. Wilson (Pro Hac Vice)
>Laurel A. Kilgour (Pro Hac Vice)
>Goodwin Procter LLP
>Three Embarcadero Center, 24th Floor
>San Francisco, California 94111
>
>Attorneys for Plaintiffs Square, Inc. and James McKelvey