UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SQUARE, INC., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:10CV002243 SNLJ |
| | ) |
| REM HOLDINGS 3, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs' Motion to Disqualify David H. Chervitz as Attorney for Defendant REM Holdings 3, LLC and Motion for Sanctions, #21, which has been fully briefed by the parties. The underlying case is an action to correct inventorship on U.S. Patent No. 7,810,729 ("the 729 patent") by adding plaintiff James McKelvey as a named inventor. In this motion, plaintiffs contend that their action "involves the same subject matter as Mr. Chervitz's prior representation of Mr. McKelvey and Square" and that Mr. Chervitz is thus disqualified from representing REM here." This Court agrees.

Resolution of the matter is controlled by the Rules of Professional Conduct adopted by the Supreme Court of Missouri and in turn adopted by this Court in Local Rule 12.02. In particular, Missouri Supreme Court Rule 4-1.9(a) provides that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interest are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

To implement this rule, this Court has set forth a two-part test for disqualification based on former representation conflicts, which "requires the party seeking disqualification to show that

(1) an attorney-client relationship existed, and (2), there is a substantial relationship between the subject matter of the present and former representations." Commonwealth Land Title Ins. Co. v. St. Johns Bank & Trust Co., No. 4:08-CV-1433 CAS, 2009 U.S. Dist. LEXIS 87151, at *9 (E.D. Mo. Sept. 22, 2009). Both parts of the test are readily satisfied here, and Chervitz does not even contest that "there is a substantial relationship between the subject matter of the present and former representations." Instead, his sole claim is that there was no attorney-client relationship in the first place.

But even taking the facts in the light most favorable to Chervitz, an attorney-client relationship is present. Both sides agree that in February 2009, plaintiff McKelvey contacted Dr. Robert Morley (both software engineers) for assistance in developing a device to allow vendors to process credit card payments by using a cell phone to read the magnetic stripes on credit cards. According to Chervitz, Morley then built and tested prototypes of the device, and eventually he contacted Chervitz to obtain a patent. Chervitz, who had represented Morley several times before on patent matters, was successful in obtaining what became the 729 patent with Morley alone listed as the inventor. In the interim, Chervitz, at Morley's request, had several communications with McKelvey regarding the patent application, and all drafts of the application were forwarded to McKelvey. At the conclusion of the process, Chervitz sent his bill in the amount of $7817.50 to McKelvey for services rendered in obtaining the patent, and McKelvey paid it.

Although Chervitz now maintains that his client was Morley alone, and that McKelvey's involvement was solely to develop a "system" for the credit card reader device, as opposed to the device itself, the fact that McKelvey paid the entire bill for Chervitz's services is ample evidence

to establish the attorney-client relationship. Moreover, Chervitz offers no contemporaneous communication of any kind that demonstrates an understanding on the part of anyone that McKelvey, despite seeking, receiving and paying for Chervitz's legal services, was not his client. Nor does Morley deny the fact in his "Declaration," #26-1.

Plaintiffs also claim that Chervitz should be disqualified because he is a necessary witness regarding the issue of inventorship. Again, this Court agrees. Missouri Supreme Court Rule 4-3.7 provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Chervitz maintains that although he may be a witness under this Rule, he is not a "necessary" witness because he "was not present when the invention claimed by the '729 Patent was conceived or reduced to practice." Chervitz cites no authority in support of this proposition. More importantly, as plaintiffs point out, "because a patent application must recite the named inventors, the Manual of Patent Examining Procedure promulgated by the USPTO advises a patent attorney preparing and filing a patent application to 'ask questions about inventorship.'" See MPEP sec. 2004 at 2004-8 (Wilson Dec. Ex. 4). In that connection, Chervitz's testimony regarding communications about the '729 application and any written records he may have kept regarding the inventorship of the '729 patent are not only highly relevant, but also available only from him. For these reasons, this Court finds that Chervitz is a necessary witness under the Rule.

Accordingly, it is hereby **ORDERED** that the motion to disqualify David H. Chervitz

from representing defendant REM Holdings 3, LLC in this case is **GRANTED** for violation of Missouri Supreme Court Rules 4-1.9(a) and 4-3.7.

**IT IS FURTHER ORDERED** that defendant is granted 21 days to hire new counsel.

**IT IS FURTHER ORDERED** that sanctions will be imposed against David H. Chervitz for the reasonable attorneys fees and costs incurred by plaintiffs to present this motion, and plaintiffs are granted 21 days to submit an affidavit in support of those fees and costs.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward this order and memorandum to the Office of Chief Disciplinary Counsel of the Supreme Court of Missouri for its further consideration.

Dated this 16th day of March, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE