UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SQUARE, INC. AND JAMES McKELVEY, | ) ) ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) ) | |
| vs. | ) ) | Civil Action No. 4:10-cv-2243 SNLJ |
| REM HOLDINGS 3, LLC, a Missouri LLC, | ) ) | **JURY DEMAND** |
| Defendant and Counterclaim Plaintiff. | ) ) ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs, Square, Inc. ("Square") and James McKelvey, by and through their undersigned attorneys make this First Amended Complaint against Defendant REM Holdings 3, LLC, as follows:

**NATURE OF THE ACTION**

1.      This is an action for correction of inventorship under 35 U.S.C. § 256 with respect to U.S. Patent No. 7,810,729 ("the '729 Patent"), U.S. Patent No. 7,896,248 ("the '248 Patent"), and U.S. Patent No. 7,918,394 ("the '394 Patent").  A true and correct copy of the '729 Patent is attached hereto as Exhibit 1.  A true and correct copy of the '248 Patent is attached hereto as Exhibit 2.  A true and correct copy of the '394 Patent is attached hereto as Exhibit 3.

2.      The '729 Patent entitled "Card Reader Device for a Cell Phone and Method of Use" issued on October 12, 2010 from U.S. Patent Application Ser. No. 12/456,134 ("the '134 Application") filed June 10, 2009, and names Robert E. Morley, Jr. as the sole inventor.  On its face the '729 Patent lists REM Holdings 3, LLC as the assignee of the '729 Patent.

1

3.      The '248 Patent entitled "Card Reader Device and Method of Use " issued on March 1, 2011 from U.S. Patent Application Ser. No. 12/657,792 ("the '792 Application") filed January 27, 2010.  The '792 Application is a continuation-in-part of the '134 Application.  The '248 Patent names Robert E. Morley, Jr. as the sole inventor.  On its face the '248 Patent lists REM Holdings 3, LLC as the assignee of the '248 Patent.

4.      The '394 Patent entitled "Card Reader Device For A Cell Phone and Method of Use " issued on April 5, 2011 from U.S. Patent Application Ser. No. 12/807,064 ("the '064 Application") filed August 26, 2010.  The '064 Application is a continuation of the '134 Application.  The '394 Patent names Robert E. Morley, Jr. as the sole inventor.  On its face the '394 Patent lists REM Holdings 3, LLC as the assignee of the '394 Patent.

5.      Plaintiff James McKelvey is a joint inventor on inventions claimed in the '729 patent yet, through omission, inadvertence and/or error, was not named as an inventor along with Robert E. Morley, Jr.

6.      Plaintiff James McKelvey is a joint inventor on inventions claimed in the '248 patent yet, through omission, inadvertence and/or error, was not named as an inventor along with Robert E. Morley, Jr.

7.      Plaintiff James McKelvey is a joint inventor on inventions claimed in the '394 patent yet, through omission, inadvertence and/or error, was not named as an inventor along with Robert E. Morley, Jr.

8.      The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '729 patent arose without any deceptive intent on Mr. McKelvey's part.

9.      The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '248 patent arose without any deceptive intent on Mr. McKelvey's part.

10.     The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '394 patent arose without any deceptive intent on Mr. McKelvey's part.

11.     Mr. McKelvey is obligated to assign his rights in the '729 Patent to Plaintiff Square, Inc.

12.     Mr. McKelvey is obligated to assign his rights in the '248 Patent to Plaintiff Square, Inc.

13.     Mr. McKelvey is obligated to assign his rights in the '394 Patent to Plaintiff Square, Inc.

14.     Mr. McKelvey and Square, Inc. request that the Court order the Commissioner for Patents of the United States Patent and Trademark Office ("USPTO") to correct the '729 Patent to add Mr. McKelvey as a joint inventor.

15.     Mr. McKelvey and Square, Inc. request that the Court order the Commissioner for Patents of the United States Patent and Trademark Office ("USPTO") to correct the '248 Patent to add Mr. McKelvey as a joint inventor.

16.     Mr. McKelvey and Square, Inc. request that the Court order the Commissioner for Patents of the United States Patent and Trademark Office ("USPTO") to correct the '394 Patent to add Mr. McKelvey as a joint inventor.

17.     On May 24, 2011, Defendant REM Holdings 3, LLC filed Defendant's First Amended Answer to Complaint, Affirmative Defenses, and First Amended Counterclaims Against Plaintiffs Square, Inc. and James McKelvey.  (Dkt. No. 56.)  In its amended counterclaims Defendant asserts counterclaims against Square, Inc. and Mr. McKelvey for infringement of the '729, '248 and '394 Patents.  Accordingly, this is also a declaratory judgment

action seeking declaratory judgments that the '729, '248 and '394 Patents are not infringed, are invalid and are unenforceable due to inequitable conduct.

18.     This is also a claim for an implied-in-law license or ownership interest in the '729, '248 and '394 Patents.

## THE PARTIES

19.     Plaintiff Square, Inc. ("Square") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 901 Mission St., Suite 210 San Francisco, CA 94103 and a place of business at 6150A Delmar Blvd., Suite 200, St. Louis, MO 63112.

20.     Plaintiff James McKelvey ("McKelvey") is an individual and resident of the State of Florida residing in Pensacola, Florida.

21.     On information and belief, Defendant REM Holdings 3, LLC ("REM") is a limited liability company with a principal place of business within this District in St. Louis, Missouri, organized under the laws of the State of Missouri.  On information and belief, REM's organizer, member and registered agent in Missouri is Robert Morley, Jr., who resides within this District in St. Louis, Missouri.

## JURISDICTION AND VENUE

22.     This action is brought under the patent laws of the United States, 35 U.S.C § 101 *et seq*.  Plaintiffs' claims for correction of inventorship on the '729, '248, and '394 Patents arise under 35 U.S.C. § 256.

23.     This Court has subject matter jurisdiction over all of Plaintiffs' claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338, 1367, 2201, and 2202.

24.     Defendant REM alleges in Defendant's First Amended Answer to Complaint, Affirmative Defenses, and First Amended Counterclaims Against Plaintiffs Square, Inc. and James McKelvey (Dkt. No. 56) that it is the owner of all right, title, and interest in and to the '729, '248, and '394 Patents, and further alleges that Plaintiffs Square and Mr. McKelvey infringe the '729, '248 and '394 Patents.  Plaintiffs deny that that REM is the owner of all right, title, and interest in and to the '729, '248, and '394 Patents, and Plaintiffs deny that they infringe any claim of the '729, '248 and '394 Patent.  Plaintiffs also allege that the claims of the '729, '248 and '394 Patents patent are invalid and that the '729, '248 and '394 Patents are unenforceable due to inequitable conduct.

25.     As a consequence of the foregoing, an actual controversy has arisen and now exists between Plaintiffs and REM as to whether Plaintiffs infringe the '729, '248 and '394 Patents, whether the claims of the '729, '248 and '394 Patents are invalid and whether the '729, '248 and '394 Patents are unenforceable due to inequitable conduct.

26.     Personal jurisdiction and venue are proper in this Judicial District pursuant to 28 U.S.C. § 1391 because for purposes of personal jurisdiction and venue a substantial part of the events or omissions giving rise to Plaintiffs' claims for correction of inventorship occurred in this Judicial District.  In addition REM is a resident of this District.  Moreover, this Court has personal jurisdiction over REM because, among other things, REM has submitted to the jurisdiction of the Court by the filing of Defendant's First Amended Answer to Complaint, Affirmative Defenses, and First Amended Counterclaims Against Plaintiffs Square, Inc. and James McKelvey (Dkt. No. 56) in this action.

27.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

28.     Plaintiff James McKelvey is a software engineer who earned dual bachelor's degrees in Computer Science and Economics from Washington University in St. Louis ("Washington University").  Shortly after graduating from Washington University in 1987, Mr. McKelvey founded a software company called Mira, Inc. ("Mira") and has served as Mira's president and chief scientist for the past 23 years.  Mira specializes in content collection and publishing over the Internet using proprietary software developed by Mira.  Mr. McKelvey is also an artist, a glass blower, who owns and operates glass studios and who has taught courses in glass blowing.  When Mr. McKelvey founded Mira, he funded Mira in part from the proceeds from sales of his glass art.

29.     Over the years, Mr. McKelvey showed and sold his glass art at a number of venues.  Mr. McKelvey, however, had to forego some sales because he could not accept credit card payments.  The hardware necessary to accept credit card payments was cumbersome and processing credit card payments was difficult.   In or about February 2009, in a flash of inventive insight, Mr. McKelvey conceived of a way in which businesses and individuals could easily accept and process credit card payments.  Mr. McKelvey conceived of using a cell phone to process credit card payments.   Mr. McKelvey conceived of an invention in which a card reader for reading magnetic card stripes such as those found, for example, on credit cards, debit cards, gift cards and the like, would be plugged into a cell phone input jack.  Mr. McKelvey also conceived of a magnetic card reader that is small in size so that it would not be cumbersome and would easily plug into a user's cell phone.

30.     In or about February 2009, Mr. McKelvey discussed his inventive ideas with his friend Mr. Jack Dorsey, an entrepreneur who is also a co-founder of Twitter.  Mr. Dorsey and

Mr. McKelvey discussed Mr. McKelvey's invention, and together co-founded Square, Inc. to exploit Mr. McKelvey's inventions.  Mr. Dorsey and Mr. McKelvey discussed alternate approaches to using a cell phone to process credit card payments.  Mr. Dorsey favored using the cell phone camera to read the credit card number but Mr. McKelvey concluded that the best approach was to plug a magnetic card reader into a cell phone input jack.

31.     In or about February 2009, Mr. McKelvey contacted his friend of 20 years, Mr. Robert Morley, Jr., to help build a prototype magnetic card reader that could be plugged into a cell phone input jack.  Dr. Morley, a professor at Washington University, had previous experience working with magnetic card readers.  Over a period of several days, working in Mr. McKelvey's glass studio and Dr. Morley's laboratory at Washington University, Mr. McKelvey and Dr. Morley exchanged ideas regarding the design of the prototype card reader.   Dr. Morley built a prototype magnetic card reader in his laboratory at Washington University, and Mr. McKelvey and Dr. Morley tested the prototype card reader in Dr. Morley's Washington University laboratory.

32.     After successful testing of the initial prototype that Dr. Morley built, Messrs. Morley and McKelvey jointly constructed several more examples using the circuit designed by Dr. Morley.  Mr. McKelvey, working alone, then incorporated these circuits into miniaturized cases and continued testing the card readers.

33.     In or about March, 2009, Mr. McKelvey suggested a further change to the card reader's circuitry.  This change significantly improved the output of the reader and reduced the number of electrical components by fifty percent.  The card reader circuitry shown in the figures of the '729 Patent is Mr. McKelvey's design.

34.     In or about April 2009, Messrs. McKelvey, Morley and Dorsey discussed obtaining patent protection for the magnetic card reader that can be plugged into a cell phone. Dr. Morley contacted a patent attorney, Mr. David Chervitz, to do a prior art search.  Mr. McKelvey paid Mr. Chervitz's fees for the search.  In or about May 2009, Dr. Morley received the results of the prior art search and discussed them with Messrs. McKelvey and Dorsey.  On or about May 4, 2009, Messrs. McKelvey, Morley, and Dorsey decided to pursue patent protection on magnetic card reader inventions for which Mr. McKelvey is a joint inventor.  Dr. Morley offered to shepherd the patent application through the application and prosecution process.

35.     Dr. Morley characterized the card reader invention as Square, McKelvey's and his intellectual property.

36.     Mr. Chervitz was retained to prepare and file a patent application.  Mr. Chervitz's fees to prepare the application were paid by Mr. McKelvey.

37.     On June 10, 2009, Mr. Chervitz filed the '134 Application.  The Application, however, listed only Dr. Morley as the sole named inventor.  That listing was in error because Dr. Morley is not the sole inventor of the inventions claimed in the '134 Application.  On October 12, 2010, the '134 Application issued as the '729 Patent.  Dr. Morley was listed as the sole named inventor on the '729 Patent.  That listing is in error because Dr. Morley is not the sole inventor of the inventions claimed in the '729 Patent.

38.     James McKelvey significantly contributed to the conception of one or more inventions claimed in the '729 Patent and thus is a joint inventor of the inventions claimed in the '729 patent.  Indeed, Mr. McKelvey significantly contributed to the conception of at least claims 1, 3, 4, 6-11, 13-15, 19-22 of the '729 Patent.

39.     The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '729 patent arose without any deceptive intent on Mr. McKelvey's part.

40.     Although a letter providing notification of the error in omitting Mr. McKelvey as a named inventor on the '729 patent was sent to Mr. Chervitz on October 21, 2010, on information and belief, neither Dr. Morley nor Mr. Chervitz has taken action to correct the error. A true and correct copy of an October 21, 2010 letter from Mr. Paul Davis to Mr. Chervitz is attached hereto as Exhibit 4.

41.     James McKelvey significantly contributed to the conception of one or more inventions claimed in the '248 patent and thus is a joint inventor of the inventions claimed in the '729 patent.  Indeed, Mr. McKelvey significantly contributed to the conception of at least claims 1, 3, 4, 6, 7, and 12-14 of the '248 Patent.

42.     The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '248 patent arose without any deceptive intent on Mr. McKelvey's part.

43.     James McKelvey significantly contributed to the conception of one or more inventions claimed in the '394 patent and thus is a joint inventor of the inventions claimed in the '729 patent.  Indeed, Mr. McKelvey significantly contributed to the conception of at least claims 1, 3, 5-9, 11-15, 17-20 of the '394 Patent.

44.     The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in the '394 patent arose without any deceptive intent on Mr. McKelvey's part.

45.     Plaintiffs have requested that the United States Patent and Trademark Office reexamine the claims of the '729 Patent.

46.     A true and correct copy of the body of Plaintiffs' reexamination request for the '729 Patent is attached hereto as Exhibit 5.

47.     Plaintiffs have requested that the United States Patent and Trademark Office reexamine the claims of the '248 Patent.

48.     A true and correct copy of the body of Plaintiffs' reexamination request for the '248 Patent is attached hereto as Exhibit 6.

49.     Plaintiffs have requested that the United States Patent and Trademark Office reexamine the claims of the '394 Patent.

50.     A true and correct copy of the body of Plaintiffs' reexamination request for the '394 Patent is attached hereto as Exhibit 7.

## COUNT I

### (Correction of Named Inventor on U.S. Patent No. 7,810,729, 35 U.S.C. §§ 116 and 256)

51.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

52.     James McKelvey made significant contributions to the conception of at least the inventions claimed in claims 1, 3, 4, 6-11, 13-15, 19-22 of the '729 Patent.

53.     Through omission, inadvertence and/or error, James McKelvey was not listed on the '729 Patent as an inventor of the inventions claimed in the '729 Patent.

54.     The omission of James McKelvey as an inventor on the '729 Patent occurred without any deceptive intent on Mr. McKelvey's part.

## COUNT II

### (Correction of Named Inventor on U.S. Patent No. 7,896,248, 35 U.S.C. §§116 and 256)

55.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

10

56.     James McKelvey made significant contributions to the conception of at least the inventions claimed in claims 1, 3, 4, 6, 7, and 12-14 of the '248 Patent.

57.     Plaintiff James McKelvey is a joint inventor on inventions claimed in the '248 Patent yet, through omission, inadvertence and/or error, was not named as an inventor along with Robert E. Morley, Jr.

58.     The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in '248 Patent arose without any deceptive intent on Mr. McKelvey's part.

## COUNT III

### (Correction of Named Inventor on U.S. Patent No. 7,918,394, 35 U.S.C. §§116 and 256)

59.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

60.     James McKelvey made significant contributions to the conception of at least the inventions claimed in claims 1, 3, 5-9, 11-15, and 17-20 of the '394 Patent.

61.     Plaintiff James McKelvey is a joint inventor on inventions claimed in the '394 Patent yet, through omission, inadvertence and/or error, was not named as an inventor along with Robert E. Morley, Jr.

62.     The error in not listing Mr. McKelvey as a joint inventor of the inventions claimed in '394 Patent arose without any deceptive intent on Mr. McKelvey's part.

## COUNT IV

### (Declaratory Judgment of Non-Infringement by Plaintiff Square of the '729 Patent)

63.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

64.     Plaintiff Square has not infringed and does not infringe, either directly or indirectly, any claim of the '729 Patent.

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Square requests a declaration by the Court that it does not infringe any claim of the '729 Patent either directly or indirectly.

## COUNT V

### (Declaratory Judgment of Non-Infringement by Plaintiff James McKelvey of the '729 Patent)

66.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

67.     Plaintiff James McKelvey has not infringed and does not infringe, either directly or indirectly, any claim of the '729 Patent.

68.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, James McKelvey requests a declaration by the Court that he does not infringe any claim of the '729 Patent either directly or indirectly.

## COUNT VI

### (Declaratory Judgment of Non-Infringement by Plaintiff Square of the '248 Patent)

69.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

70.     Plaintiff Square has not infringed and does not infringe, either directly or indirectly, any claim of the '248 Patent.

71.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Square requests a declaration by the Court that it does not infringe any claim of the '248 Patent either directly or indirectly.

## COUNT VII

### (Declaratory Judgment of Non-Infringement by Plaintiff James McKelvey of the '248 Patent)

72.    The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

73.    Plaintiff James McKelvey has not infringed and does not infringe, either directly or indirectly, any claim of the '248 Patent.

74.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, James McKelvey requests a declaration by the Court that he does not infringe any claim of the '248 Patent either directly or indirectly.

## COUNT VIII

### (Declaratory Judgment of Non-Infringement by Plaintiff Square of the '394 Patent)

75.    The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

76.    Plaintiff Square has not infringed and does not infringe, either directly or indirectly, any claim of the '394 Patent.

77.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Square requests a declaration by the Court that it does not infringe any claim of the '394 Patent either directly or indirectly.

## COUNT IX

### (Declaratory Judgment of Non-Infringement by Plaintiff James McKelvey of the '394 Patent)

78.    The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

13

79.     Plaintiff James McKelvey has not infringed and does not infringe, either directly or indirectly, any claim of the '394 Patent.

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, James McKelvey requests a declaration by the Court that he does not infringe any claim of the '394 Patent either directly or indirectly.

## COUNT XI

### (Declaratory Judgment of Invalidity of the '729 Patent)

81.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

82.     The claims of the '729 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

83.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Citrix requests a declaration by the Court that the claims of the '729 Patent are invalid.

## COUNT XII

### (Declaratory Judgment of Invalidity of the '248 Patent)

84.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

85.     The claims of the '248 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

86.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Citrix requests a declaration by the Court that the claims of the '248 Patent are invalid.

## COUNT XII

### (Declaratory Judgment of Invalidity of the '394 Patent)

87.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

88.     The claims of the '394 Patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

89.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Citrix requests a declaration by the Court that the claims of the '394 Patent are invalid.

## Count XIII

### (Declaratory Judgment of Unenforceability of the '729 Patent)

90.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

91.     The '729 Patent is unenforceable due to inequitable conduct as set forth below. The inequitable conduct alleged below renders other patents in the same patent family unenforceable, including the '248 and '394 Patents.

92.     In or about July 2009, Square, Inc. engaged the law firm Van Pelt, Yi & James LLP ("the Van Pelt firm") to prosecute U.S. Patent Application Ser. No. 12/456,134 ("the '134 Application") on behalf of Square.

93.     On or about September 3, 2009, Dr. Morley signed a Declaration and Power of Attorney For Original U.S. Patent Application appointing the Van Pelt firm as the principal attorneys to prosecute the '134 Application, and listing Square's offices as his mailing address.

94.     On or about October 14, 2009, Dr. Morley signed a Revocation of Power of Attorney With a New Power of Attorney and Change of Correspondence Address in which he

revoked the Van Pelt firm's powers of attorney and appointed Mr. Chervitz as the attorney to prosecute the '134 Application.

95.     On or about October 29, 2009, Lee Van Pelt, a named partner in the Van Pelt firm, sent a letter to Mr. Chervitz advising him that the '134 Application "includes material that was invented by Jim McKelvey and that Mr. McKelvey should be added as an inventor."

96.     On or about October 29, 2009, Mr. Bruce Baebler sent a letter to Mr. Van Pelt stating that he represented Dr. Morley as his agent with respect to his IP revolving around US Patent Application No. 12/456,134.

97.     On or about October 30, 2009, Mr. Van Pelt sent a letter to Mr. Baebler advising Mr. Baebler of the need for Mr. Van Pelt and Mr. Chervitz "to discuss the inventorship issue that we identified and make arrangements to add Mr. McKelvey as an inventor on the ['134] application."

98.     Mr. Baebler, Mr. Chervitz and Dr. Morley were substantively involved in the prosecution of the '134 Application which issued as the '729 Patent.

99.     Mr. Baebler, Mr. Chervitz and Dr. Morley knew that Mr. McKelvey was an inventor on one or more inventions claimed in the '134 Application and the '729 Patent.

100.    Neither Mr. Baebler, Mr. Chervitz nor Dr. Morley advised the United States Patent and Trademark Office ("PTO") of the inventorship dispute surrounding the '134 Application or that Mr. McKelvey was an inventor of the inventions claimed in the '134 Application and '729 Patent.

101.    Neither Mr. Baebler, Mr. Chervitz nor Dr. Morley took steps to add Mr. McKelvey as a named inventor on the '134 Application or the '729 Patent.

102.    The information concerning inventorship that Mr. Baebler, Mr. Chervitz and Dr. Morley each withheld from the PTO is material to patentability, and but for their material omissions the '729 Patent would not have issued.

103.    Mr. Baebler, Mr. Chervitz and Dr. Morley's failure to provide the foregoing information about inventorship was intentional.  In so doing, Mr. Baebler, Mr. Chervitz and Dr. Morley intended to deceive the PTO and Examiner of the '134 Application.

104.    Mr. Baebler, Mr. Chervitz and Dr. Morley deceived the PTO and the Examiner so that Mr. McKelvey and Square would not have an ownership interest in the '729 Patent.

105.    The withholding of information material to patentability with the intent to deceive the PTO constitutes inequitable conduct.

106.    The '729 Patent, which issued from the '134 Application is thus unenforceable due to inequitable conduct.

107.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiffs request a declaration by the Court that the '729 Patent is unenforceable due to inequitable conduct.

## Count XIV

**(Declaratory Judgment of Unenforceability of the '248 Patent)**

108.    The allegations of paragraphs 1 through 50 and 91 through 107 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

109.    The '248 Patent issued from U.S. Patent Application Ser. No. 12/657,792 ("the '792 Application".)

110.    The '792 Application is a continuation-in-part of the '134 Application.

17

111.    Dr. Morley is the sole named inventor on the '792 Application and the '248 Patent.

112.    Mr. Baebler was substantively involved in the prosecution of the '792 Application which issued as the '248 Patent.

113.    Mr. Chervitz was the attorney who prosecuted the '792 Application which issued as the '248 Patent.

114.    Mr. McKelvey contributed significantly to the conception of one or more of the inventions claimed in the '792 Application and the '248 Patent.

115.    Mr. Baebler, Mr. Chervitz and Dr. Morley knew that Mr. McKelvey was an inventor on one or more inventions claimed in the '792 Application and '248 patent.

116.    Neither Mr. Baebler, Mr. Chervitz nor Dr. Morley advised the United States Patent and Trademark Office ("PTO") that Mr. McKelvey was an inventor of one or more of the inventions claimed in the '792 Application and the '248 Patent.

117.    Neither Mr. Baebler, Mr. Chervitz nor Dr. Morley took steps to add Mr. McKelvey as a named inventor on the '792 Application or the '248 Patent.

118.    The information concerning inventorship that Mr. Baebler, Mr. Chervitz and Dr. Morley each withheld from the PTO is material to patentability, and but for their material omissions the '248 Patent would not have issued.

119.    Mr. Baebler, Mr. Chervitz and Dr. Morley's failure to provide the foregoing information about inventorship was intentional.  In so doing, Mr. Baebler, Mr. Chervitz and Dr. Morley intended to deceive the PTO and Examiner of the '792 Application.

120.    Mr. Baebler, Mr. Chervitz and Dr. Morley deceived the PTO and the Examiner so that Mr. McKelvey and Square would not have an ownership interest in the '248 Patent.

121.    The withholding of information material to patentability with the intent to deceive the PTO constitutes inequitable conduct.

122.    The '248 Patent, which issued from the '792 Application, is thus unenforceable due to inequitable conduct.

123.    The inequitable conduct committed during prosecution of the '134 Application renders other patents in the same family unenforceable due to inequitable conduct.  Since the '792 Application is a continuation-in-part of the '134 Application, the '248 Patent (which issued from the '792 Application) is also unenforceable due to inequitable conduct on the grounds of infectious unenforceability.

124.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiffs request a declaration by the Court that the '248 Patent is unenforceable due to inequitable conduct.

## Count XV

### (Declaratory Judgment of Unenforceability of the '394 Patent)

125.    The allegations of paragraphs 1 through 50 and 91 through 107 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

126.    The '394 Patent issued from U.S. Patent Application Ser. No. 12/807,064 ("the '064 Application".)

127.    The '064 Application is a continuation of the '134 Application.

128.    Dr. Morley is the sole named inventor on the '064 Application and the '394 Patent.

129.    Mr. Baebler was substantively involved in the prosecution of the '064 Application which issued as the '394 Patent.

130.    Mr. Chervitz was the attorney who prosecuted the '064 Application which issued as the '394 Patent.

131.    Mr. McKelvey contributed significantly to the conception of one or more of the inventions claimed in the '064 Application and the '394 Patent.

132.    Mr. Baebler, Mr. Chervitz and Dr. Morley knew that Mr. McKelvey was an inventor on one or more inventions claimed in the '064 Application and the '394 patent.

133.    Neither Mr. Baebler, Mr. Chervitz nor Dr. Morley advised the United States Patent and Trademark Office ("PTO") that Mr. McKelvey was an inventor of one or more of the inventions claimed in the '064 Application and the '394 Patent.

134.    Neither Mr. Baebler, Mr. Chervitz nor Dr. Morley took steps to add Mr. McKelvey as a named inventor on the '064 Application or the '394 Patent.

135.    The information concerning inventorship that Mr. Baebler, Mr. Chervitz and Dr. Morley each withheld from the PTO is material to patentability, and but for their material omissions the '394 Patent would not have issued.

136.    Mr. Baebler, Mr. Chervitz and Dr. Morley's failure to provide the foregoing information about inventorship was intentional.  In so doing, Mr. Baebler, Mr. Chervitz and Dr. Morley intended to deceive the PTO and Examiner of the '064 Application.

137.    Mr. Baebler, Mr. Chervitz and Dr. Morley deceived the PTO and the Examiner so that Mr. McKelvey and Square would not have an ownership interest in the '394 Patent.

138.    The withholding of information material to patentability with the intent to deceive the PTO constitutes inequitable conduct.

20

139.     The '394 Patent, which issued from the '064 Application, is thus unenforceable due to inequitable conduct.

140.     The inequitable conduct committed during prosecution of the '134 Application renders other patents in the same family unenforceable due to inequitable conduct.  Since the '064 Application is a continuation-in-part of the '134 Application, the '394 Patent (which issued from the '064 Application) is also unenforceable due to inequitable conduct on the grounds of infectious unenforceability.

141.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiffs request a declaration by the Court that the claims of the '394 Patent are unenforceable due to inequitable conduct.

## Count XVI

### (Declaration of an Implied-in-Law Ownership Interest)

142.     The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

143.     Based on the course of dealings between Plaintiffs and Dr. Morley, equity requires that Plaintiffs be held to have an implied-in-law ownership interest in the '729, '248, and '394 Patents.

144.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have an undivided ownership interest in the '729, '248 and '394 Patents.

21

## Count XVII

### (Declaration of an Implied-in-Law License)

145.    The allegations of paragraphs 1 through 50 of this First Amended Complaint are repeated, re-alleged and incorporated herein as if fully set forth in this Count.

146.    Based on the course of dealings between Plaintiffs and Dr. Morley, equity requires that Plaintiffs be held to have an implied-in-law license to practice the inventions claimed in the '729, '248, and '394 Patents.

147.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Plaintiffs request a declaration by the Court that Plaintiffs have an implied-in-law license to practice the inventions claimed in the '729, '248, and '394 Patents.

### PRAYER FOR RELIEF

Plaintiffs respectfully request a judgment against REM Holdings 3, LLC as follows:

A.    The Court issue an order directing the Commissioner for Patents of the United States Patent and Trademark Office to correct U.S. Patent No. 7,810,729, U.S. Patent No. 7,896,248, and U.S. Patent No. 7,918,394 by adding Mr. James McKelvey as a co-inventor thereon;

B.    A declaration that Square, Inc. does not infringe the '729 Patent;

C.    A declaration that James McKelvey does not infringe the '729 Patent;

D.    A declaration that Square, Inc. does not infringe the '248 Patent;

E.    A declaration that James McKelvey does not infringe the '248 Patent;

F.    A declaration that Square, Inc. does not infringe the '394 Patent;

G.    A declaration that James McKelvey does not infringe the '394 Patent;

H.    A declaration that the '729 Patent is invalid;

I.      A declaration that the '248 Patent is invalid;

J.      A declaration that the '394 Patent is invalid;

K.      A declaration that the '729 Patent is unenforceable due to inequitable conduct;

L.      A declaration that the '248 Patent is unenforceable due to inequitable conduct;

M.      A declaration that the '394 Patent is unenforceable due to inequitable conduct;

N.      A declaration that Plaintiffs have an undivided ownership interest in the '729, '248, and '394 Patents;

O.      A declaration that Plaintiffs have an implied-in-law license to practice the inventions claimed in the '729, '248 and '394 Patents;

P.      Declare this case exceptional under 35 U.S.C. §285;

Q.      An award to Plaintiffs its costs and attorneys' fees incurred in this action; and

R.      Grant Plaintiffs such other further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand trial by jury on all issues so triable.

Dated: June 13, 2011                                  Respectfully submitted,


                                                     /s/ Erica D. Wilson_____

                                                     **THE BRICKHOUSE LAW GROUP**
                                                     Michael A. Kahn (35411MO)
                                                     mkahn@brickhouselaw.com
                                                     Geoffrey G. Gerber (47097MO)
                                                     ggerber@brickhouselaw.com
                                                     1006 Olive Street, Suite 303
                                                     St. Louis, MO 63101
                                                     Tel.:  (314) 932-1076
                                                     Fax.: (314) 446-6467

                                                     **GOODWIN PROCTER LLP**
                                                     Erica D. Wilson (161386)
                                                     (Admitted Pro Hac Vice)
                                                     135 Commonwealth Drive

Menlo Park, CA  94025-1105
Tel.:  (650) 752-3100
Fax:  (650) 853-1038

**GOODWIN PROCTER LLP**
Laurel A. Kilgour (269307)
(Admitted Pro Hac Vice)
Three Embarcadero Center, 24th Floor
San Francisco, CA  94111
Tel.:  (415) 733-6000
Fax.: (415) 677-9041

*Attorneys for Plaintiffs and Counterclaim
Defendants
Square, Inc. and James McKelvey*

## CERTIFICATE OF SERVICE BY E-FILING

I hereby certify that on June 13, 2011 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

David B.B. Helfrey
Carl J. Geraci
HELFREY, NEIERS & JONES, P.C.
120 S. Central Avenue, Suite 1500
St. Louis, MO 63105
Tel.: 314-725-9100
Fax: 314-725-5754
Email: dhelfrey@hnjlaw.com
Email: cgeraci@hnjlaw.com

William B. Cunningham, Jr.
McPherson D. Moore
POLSTER, LIEDER, WOODRUFF & LUCCHESI, L.C.
12412 Powerscourt Dr., Suite 200
St. Louis, MO 63131
Tel.: 314-238-2400
Fax: 314-238-2401
Email: wbcunningham@patpro.com
Email: mmoore@polsterlieder.com

Michael H. Musich
120 S. Central Avenue, Suite 1520
St. Louis, MO 63105
Tel.: 314-725-9100
Fax:  314-725-5754
Email: mmusich@hnjlaw.com


Dated this 13th day of June, 2011 at Menlo Park, California.

/s/ Erica D. Wilson
Erica D. Wilson

1