UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SQUARE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV02243 SNLJ |
| | ) | |
| REM HOLDINGS 3, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on "Plaintiffs' Motion to Stay Litigation Pending

Reexamination of the Patents-In-Suit by the U. S. Patent and Trademark Office," #70, which has

been fully briefed by the parties.  Plaintiffs maintain that reexaminations recently ordered by the

PTO "will determine whether the issued claims of the '729, '248, and '349 Patents [the patents at

issue in this case] are invalid in view of various prior art patents, applications and publications."

These reexaminations, plaintiffs explain, "will result in cancellation of or significant amendment

to the claims of the '729, '248, and '394 Patents," and thus obviate the need for this litigation.

At the outset, this Court recognizes that, "sponsors of the patent reexamination legislation

favored stays by the district courts pending reexamination as a means of settling disputes

quickly, lowering costs, and providing the courts with the PTO's expertise." *Watlow Elec. Mfg.*

*Co., v. Ogden Mfg Co.*, No. 4:05CV2094 CDP, 2006 U.S. Dist. LEXIS 46431, at *3 (E.D. Mo.

July 10, 2006) (Perry, J.). Accordingly, "there is a liberal policy of granting stays when patents

are submitted to the PTO for reexamination." *1st Tech., LLC v. Digital Gaming Solutions S. A.*,

No. 4:08CV586 HEA, 2010 U.S. Dist. LEXIS 20181, at *4, (E.D. Mo. March 5, 2010) (Autrey,

J.).

"This is particularly true where a lawsuit is in the initial stages of litigation, and where there has

been little or no discovery in the case." *Id.* Indeed, "[c]ourts routinely grant stays of litigation

pending the PTO's reexamination decision." *Inteplast Grp., Ltd. v. Coroplast, Inc.,* No.

4:08CV1413 CAS, 2009 U.S. Dist. LEXIS 53035, at *9 (E.D. Mo. June 23, 2009) (Shaw, J.).

The authority to order a stay of litigation pending conclusion of a PTO reexamination is

within this Court's "inherent power to manage [its] dockets." *Watlow*, 2006 U.S. Dist. LEVIS

46431, at *3 (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).  When

determining whether to stay a case pending reexamination, this Court considers the following

factors:

> (1)  whether discovery is complete and a trial date has been set,
> (2)  whether a stay of litigation will simplify the issues in question and
> facilitate the trial of the case, and
> (3)  whether a stay would unduly prejudice the non-moving party or would
> present a clear tactical disadvantage for that party.

*Watlow*, 2006 U.S. Dist. LEXIS 46431, at *3;  *see also Inteplast Grp.*, 2009 U.S. Dist. LEXIS

53035, at *3; *1st Tech.*, 2010 U.S. Dist. LEXIS 20181, at *5.  Plaintiffs claim that each of these

factors favor an order staying the case.  This Court agrees.

The first factor fully supports a stay.  No discovery has taken place, no Rule 16

scheduling conference has been held, no scheduling order has been entered, and no trial date has

been set, and in fact, an interlocutory appeal has been brought on the preliminary issue of

defendant's counsel.   The only matters pending in this Court, other than the motion at hand, are

defendant's two motions to dismiss and a motion to strike, all pertaining to nothing more than the

pleadings themselves.

The second factor also weighs heavily toward a stay.  There is no question that a stay will

simplify the issues in question and facilitate the trial of the case as it pertains to defendant's counterclaims for patent infringement because the reexamination will identify which of the patents-in-suit are valid and which are not.  Indeed, both parties agree that reexaminations often result at least in significant amendments to the claims, if not their outright cancellation. Obviously, this will avoid a waste of judicial resources, not to mention the time and expense to the parties.

The final factor  --  whether defendant will be unduly prejudiced or suffer a clear tactical disadvantage  --  is the only one really in dispute.  Plaintiffs contend that defendant will suffer no prejudice because "a stay will reduce the time and resource expenditures required of both parties."  As this Court noted in *Watlow*, the reexamination process will "most likely narrow, if not eliminate, the issues that must be decided by this Court" and this simplification will "mak[e] up for any delay."  *Watlow*, 2006 U.S. Dist. LEXIS 46431, at *6-7 (quoting *Tap Pharm. Prods. v. Atrix Labs., Inc.*, 2004 U.S. Dist. LEXIS 3228, No. 0C 3 7822, at *1 (N.D. Ill. March 3, 2004). Plaintiffs also argue that,  this is not a situation "where Defendant REM is Plaintiffs' competitor in the marketplace.  REM makes no product.  It thus has adequate remedies at law for any purported injury it alleges it incurred."  Finally, plaintiffs claim that "any prejudice or disadvantage alleged by REM at this stage would be 'merely speculative.'"

To the contrary, defendant claims that, "If a stay is granted, REM will be cast into limbo (potentially for over 5 years), during which time Square can freely infringe REM's Patents with impunity and, even more importantly, effectively prevent REM from licensing or selling its patents to others for their true value."  For this reason, defendant argues that "Time is of the essence in this lawsuit."  Defendant adds that plaintiffs' "obvious goal" is to postpone facing

REM's charges of patent infringement."

This Court determines, however, that defendant's concern about undue delay in the event of a stay is unfounded and that any delay would be offset by the likelihood that there will indeed be more efficient use of judicial resources and a reduction of time and expense to the parties. There is no dispute that the reexamination process is well under way.  Furthermore, because the reexamination is being undertaken while litigation is pending, the reexamination will be expedited.  In that regard, the Patent Office's Manual of Patent Examining Procedure states:

> Where . . . litigation is stayed for the purpose of reexamination, the request will be taken up by the examiner for decision 6 weeks after the request is filed, and *all aspects of the proceeding will be expedited to the extent possible*. Cases will be taken up for action at the earliest time possible, and Office actions in these reexamination proceedings will normally set a 1-month shortened statutory period for response rather than the 2 months usually set in reexamination proceedings. Response periods may be extended only upon a strong showing of sufficient cause (see MPEP § 2665). *Action on such a proceeding will generally take precedence to any other action* taken by the examiner in the Office.

Manual of Patent Examining Procedure ("MPEP") § 2686.04(I) (Dkt. 72, Ex. E) (emphasis added).

Despite these expedited procedures, defendant claims that the reexamination process will be drawn out at least five and up to ten years because the parties may exercise their rights to appeal any adverse decision from the Patent Office.  This claim, though, seems to be exaggerated because PTO statistics show that on average, the time between filing an *inter partes* reexamination request to completion of the entire process is only 37 months, which includes all appeal time.  Dkt. 91, Ex. H.  Moreover, the 37-month average applies to all reexaminations in general, so that those requiring expedited treatment, like the case at hand, should be completed in

-4-

substantially less time.  Although defendant appears to be correct that the 37-month average includes cases that were not appealed as well as those that were appealed,  there is no certainty that the losing party here will file an appeal.   Even with an appeal, a delay of five years or more would appear to be uncharacteristic and unusual.   Notwithstanding these observations, this Court has made clear that "the delay inherent to the reexamination process does not constitute, by itself, undue prejudice," *1st Tech.*, 2010 U.S. Dist. LEXIS 20181, at *7 (citation omitted), and if the rule were otherwise, "few if any patent cases would be stayed pending reexamination by the PTO. . .[which] is clearly not the case." *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, No. 4:08CV589, 2010 U.S. Dist. LEXIS 92851, at *6-7 (N.D. Ohio Aug. 16, 2010).

For these reasons, this Court finds that any delay caused by a stay would not be unduly prejudicial to defendant nor would it cause defendant to be put at a severe tactical disadvantage. To further ensure that result, this Court will honor defendant's request to periodically review the continuing appropriateness of the stay.  However, this Court declines to order the parties to take limited discovery which this Court believes is unnecessary and would defeat the purpose of the stay.

Accordingly, the Motion to Stay Litigation Pending Reexamination of the Patents-in-Suit is granted, and the case is stayed.  Defendant is granted leave to file a motion to lift the stay when the PTO completes its *inter partes* reexamination and before any appeal is taken.  Defendant's request for limited discovery is denied.  All other pending motions are denied as moot, without prejudice.

**SO ORDERED** this 17th day of October, 2011.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE