

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SQUARE, INC.** AND **JAMES MCKELVEY,**
*Plaintiffs-Appellees,*

v.

**REM HOLDINGS 3, LLC,**
*Defendant,*

AND

**DAVID H. CHERVITZ,**
*Sanctioned Party-Appellant.*

---

2011-1529

---

Appeal from the United States District Court for the Eastern District of Missouri in case no. 10-CV-2243, Judge Stephen N. Limbaugh, Jr.

---

**ON MOTION**

---

Before PROST, MAYER, and REYNA, *Circuit Judges.*

PROST, *Circuit Judge.*

**ORDER**

Square Inc. and James McKelvey (Square) move to dismiss this appeal for lack of jurisdiction. David H. Chervitz opposes the motion.

Square brought the underlying suit in the United States District Court for the Eastern District of Missouri against REM Holdings 3, LLC (REM), seeking a correction of inventorship with regard to U.S. Patent No. 7,810,729 ( the '729 Patent).

Square moved to disqualify REM's counsel, David H. Chervitz, on the ground that Chervitz had previously represented Square in connection with the preparation of their application for the '729 Patent. The district court granted the motion. The court also awarded Square $15,000 for attorney's fees and costs under the court's inherent authority to sanction a party, noting that the purpose of the sanctions were to reimburse Square for the expense of having to prosecute a motion that was defended in bad faith.

Chervitz subsequently asked the district court to clarify whether the monetary sanction was against him personally, and if so, asked the court to designate the order as a final judgment pursuant to Fed. R. Civ. P. 54(b). In response, the district court issued an order granting stating that "the sanctions . . . are awarded against counsel David Chervitz, rather than defendant, and that the imposition of sanctions is designated a final judgment as to all claims between plaintiffs and Chervitz." Chervitz then filed this appeal, seeking review of the sanctions.

Ordinarily, only a final decision of a district court may be appealed, i.e., one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see* 28 U.S.C. §§ 1291, 1295(a). The final judgment rule, however, has been construed under the so-called

"collateral order doctrine" to permit jurisdiction over a small category of orders that conclusively resolve important questions separate from the merits that are effectively unreviewable on appeal from the final judgment in the underlying action. *See Cohen v. Benficial Industrial Loan Corp*, 337 U.S. 541, 546 (1949).

Chervitz contends that the sanctions order is immediately appealable because there is nothing about the pending litigation that is intertwined with, connected to, or dependent upon the sanctions order. The problem with this argument is that even if the pending litigation is completely divorced from the sanctions issue, the collateral order doctrine would not authorize an immediate appeal here because the order imposing sanctions is reviewable on appeal from final judgment. *See Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 204 (1999) (holding that a sanction imposed under Fed. R. Civ. P. 37 against an attorney that was no longer participating in the case could be appealed, but not until after entry of final judgment); *see also Sanders Assocs., Inc. v. Summagraphics Corp.*, 2 F.3d 394, 395-98 (Fed. Cir. 1993) (sanction against an attorney is not reviewable until final judgment is entered on the underlying action, even though the amount of that sanction has already been determined).

In opposing the motion to dismiss, Chervitz relies on *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346 (Fed. Cir. 2003), but that case is of no help in seeking an immediate appeal here. In *Precision Specialty*, the United States Court of International Trade issued an opinion holding a government attorney in violation of Rule 11 of the court's rules and formally reprimanded her for intentionally or negligently misleading the court. This court permitted the attorney to appeal under the circumstances because such a reprimand was likely to have a serious adverse impact upon the attorney's professional reputation and career. There is no similar formal repri-

mand here; the sanctions imposed against Chervitz were to reimburse Square to defend a motion the court found to be an obvious conflict of interest that could only be opposed in bad faith. Because an attorney can ordinarily not appeal such orders until after entry of final judgment, Chervitz's appeal was premature. *See Stanley v. Woodford*, 449 F.3d 1060, 1062 (9th Cir. 2006) (order imposing sanctions under court's inherent powers is not appealable until after entry of final judgment); *Williams v. Midwest Employers Cas. Co.*, 243 F.3d 208, 208-09 (5th Cir. 2001).

Finally, the district court did not provide any reason for why there was no just reason for delay in entry of judgment here. Thus, there is no merit to Chervitz's contention that this court has jurisdiction pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. *See iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008) ("[T]he bare recitation of the 'no just reason for delay' standard of Rule 54(b) is not sufficient, by itself, to properly certify an issue for immediate appeal.").

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.

FOR THE COURT

AUG 14 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Erica D. Wilson, Esq.
Michael H. Musich, Esq.

s20

Issued As A Mandate: AUG 14 2012

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 14 2012

JAN HORBALY
CLERK

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: /s/ L. Bryan    Date: 8/14/12

U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
THE NATIONAL COURTS BUILDING
717 MADISON PLACE, NW.
WASHINGTON, DC 20439

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

United States District Court
Eastern District of Missouri
Rush Limbaugh U.S. Courthouse, 2nd floor
555 Independence Street
Cape Girardeau, MO 63701