UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SQUARE, INC., et al. | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:10cv2243 SNLJ |
| REM HOLDINGS 3, LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant's pending "Objection or Opposition to Exhibits A and B of Joint Status Report" appears on the docket sheet as a "Motion to Strike" (#110). The "Motion" has been fully briefed.

This case involves three patents: U.S. Patent No. 7,810,729 ("the '729 patent"), U.S. Patent No. 7,896,248 ("the '248 patent"), and U.S. Patent No. 7,918,394 ("the '394 patent"). On December 1, 2010, plaintiff Square, Inc. initiated this lawsuit seeking to correct inventorship on the '729 patent by adding plaintiff James McKelvey as an inventor. On January 7, 2011, defendant REM Holdings 3, LLC, answered, alleging a single Counterclaim for "Declaratory Judgment for Patent Inventorship" of the '729 patent.

The other two patents issued later in 2011. On May 10, 2011, Square requested that the PTO conduct an *inter partes* reexamination of all three patents. On May 24, 2011, REM filed a First Amended Answer alleging counterclaims for infringement of all three patents. In a June 10, 2011 Answer to REM's infringement claims, Square alleged invalidity of the patents-

in-suit. On June 13, 2011, Square filed a First Amended Complaint adding counts for declaratory judgment that the three patents are invalid, and for correction of inventorship on all three patents.

In June 2011, the United States Patent and Trademark Office ("PTO") ordered reexamination of all three patents. Square moved to stay this litigation pending reexamination of the patents. The Court granted that motion.

At the Court's request, the parties filed a Joint Status Report on September 17, 2013 (#109). The Joint Status Report explained that the PTO had rejected some patent claims and confirmed others, and the parties were in the process of appealing those decisions. Furthermore, Square attached to the Report, over REM's objection, two declarations that Square had submitted to the PTO to "provide further information about the parties' respective positions." (#109 at 3.) A footnote in the Report explained that REM objected to Square's attaching the affidavits. (*Id.*)

REM filed the instant "Objection and Opposition to Exhibits A and B of the Joint Status Report" (#110) more than a month later, on October 31, 2013. The motion was docketed as a "Motion to Strike," but REM concedes that Federal Rule of Civil Procedure 12(f)'s mechanism for striking materials applies to pleadings --- which do not include Joint Status Reports. Fed. R. Civ. P. 12(f) (stating that the Court "may strike from a pleading...any...immaterial...matter...on motion made by a party"). REM argues that the Court should strike the declarations because (1) the declarations are immaterial and impertinent to the status report, (2) the declarations were rejected for consideration by the PTO because they were untimely and/or failed to meet the standard for a declaration, and, relatedly, (3) Square included the declarations in an effort to "game the system." That is, after the PTO rejected consideration of the declarations, Square added the declarations to the Joint Status Report in this case and then filed them again before the

PTO along with "Notices of Concurrent Proceedings." REM filed a Motion to Expunge the declarations before the PTO and also filed the instant motion in this Court.

Notably, Square does not deny REM's suggestions that Square attempted to "game the system." Rather, Square asserts that the Court cannot strike the declarations because they are not part of a pleading. Square also contends that the declarations are relevant to issues in the case and they were rejected by the PTO on procedural rather than substantive grounds.

Ultimately, the Court agrees with REM that the declarations were unnecessary to the Joint Status Report. It appears that REM's real concern is the effect the declarations have in the proceedings before the PTO. The Court has been unable to determine whether REM's Motion to Expunge was successful.

The Court declines to involve itself in a matter that is, apparently, properly before the PTO. Furthermore, neither the Joint Status Report nor its attached declarations have any substantive effect on this matter. Because REM's filing is actually an "Objection," and not a "Motion," the clerk will be ordered to re-title the filing as an Objection on the Docket Sheet. REM's expanded objection to the declarations will therefore be noted for the record. The parties are ordered to file another Joint Status Report updating the Court as to the *procedural* status of the case no later than May 1, 2014.

Accordingly,

**IT IS HEREBY ORDERED** that the clerk shall re-title the instant motion (#110) as "Objection or Opposition to Exhibits A and B of Joint Status Report" on the docket sheet.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report as to the procedural posture of this case no later than May 1, 2014.

Dated this __13th__ day of March, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE