UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT E. MORLEY, JR., et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:14cv172 |
| | ) | Case No. 4:10cv2243 SNLJ |
| | ) | CONSOLIDATED |
| **SQUARE, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| and | | |
| | ) | |
| **SQUARE, INC., et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **REM HOLDINGS 3, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs Robert E. Morley, Jr. and REM Holdings 3, LLC's motion requesting the Court to order defense counsel to adhere to standards of professional conduct and to cease vexatious litigation conduct (#175). The parties have been engaged in contentious litigation for five years. Most recently, defendants assert that they are in possession of a "smoking gun document" that proves plaintiffs' lawsuit is based on recent fabrications. Defendants had been threatening to file a

1

motion to compel production of privileged documents under the crime-fraud exception, which was in fact filed on August 31, 2015.  Those threats and other actions caused plaintiffs to file their motion for relief from allegedly unprofessional conduct by defense counsel (#175).

Plaintiffs contend that defense counsel has been engaging in vexatious litigation tactics.  Their memorandum and exhibits (along with defendants' response) paint a colorful picture of recent litigation activity.  Plaintiffs' counsel state they were wrongly accused of violating their "duty of candor" in the Patent Trials and Appeals Board proceedings related to this case, that defense counsel have repeatedly threatened sanctions for issues like the location of a party's deposition and the alleged "fraud on the court," and that defense counsel suggested that plaintiff Morley himself could be criminally charged for conduct related to this litigation.  Plaintiffs suggest that these accusations appear to be pretext for invading plaintiffs' attorney-client privilege and work product protection.

The Court has read the letters, e-mail chains, and transcripts associated with plaintiffs' motion.  Because all attorneys are bound by the rules of professional conduct, defense counsel is already obligated to conduct their practice accordingly, so the motion is moot.  Plaintiffs seek no other relief in their motion.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion requesting the Court to order defense counsel to adhere to standards of professional conduct and to cease vexatious litigation conduct (#175) is DENIED as moot.

Dated this   4th   day of September, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE