UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT E. MORLEY, JR., et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:14cv172 |
| | ) | Case No. 4:10cv2243 SNLJ |
| | ) | CONSOLIDATED |
| **SQUARE, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| and | | |
| | ) | |
| **SQUARE, INC., et al.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **REM HOLDINGS 3, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter pertains to two consolidated matters, case numbers 4:10-cv-2243 and 4:14-cv-172.  The parties include Robert Morley ("Morley") and his company REM Holdings 3, LLC ("REM") (collectively, "Morley") on the one hand, and Square, Inc. and its founders, defendants Jack Dorsey and James McKelvey (collectively, "Square"), on the other hand.   The litigation pertains to the intellectual property rights surrounding an invention that allows credit card transactions to be processed using a mobile smart phone.

1

Two of the Square defendants brought Case No. 4:10-cv-2243 against Morley and REM.  Because that matter primarily involved matters of patent law surrounding three United States Patents, and all three patents were the subject of proceedings before the Patent and Trademark Office ("PTO"), that case was stayed in 2011.   It remains stayed.

In 2014, Morley filed Case Number 4:14-cv-172 against Square. Morley's complaint brings patent-related and state law claims against Square pertaining to the same set of facts at issue in 4:10-cv-2243.   The two matters were consolidated.   Shortly thereafter, the Square defendants filed a motion to stay the Counts 4, 10, and 11 of the 4:14-cv-172 action because each of those counts relates to U.S. Patent No. 8,584,946, which itself was pending reexamination by the PTO.   This Court granted that motion over Morley's objection and in light of Square's promise to cooperate with discovery on Morley's non-stayed, non-patent claims.   Thus, Counts 4, 10, and 11 of Morley's complaint were stayed.

As expected, the PTAB issued a final written decision with respect to Patent '946 in July 2015.   The Morley plaintiffs thus moved to lift the stay of Counts 4, 10, and 11 of Morley's complaint so that the parties can proceed with discovery (#145).   The Square defendants oppose the motion.

The Court declines to lift the stay of Counts 4, 10, and 11 at this time.   It is undisputed that litigation before the PTAB has not concluded regarding that patents at issue.   Although the PTAB apparently confirmed patentability of five of the '946 Patent's claims, it rejected twelve of that patent's claims.   The Square defendants have filed for a

rehearing with the PTAB, so proceedings are incomplete.   It is still true that if the patent's claims do not "survive the reexamination process, in the absence of a stay, the parties will have wasted time, effort, and expense on infringement contentions, counter-infringement contentions, invalidity contentions, and claim construction."   (#140 at 2.)   Thus, all the factors that caused this Court to stay the patent-related counts are still present now.   (*See id.*)

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to lift stay (#145) is DENIED.

Dated this   10th   day of September, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE