# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT E. MORLEY, JR., et al. ) <br> ) <br>         **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> SQUARE, INC., et al., ) <br> ) <br>         **Defendants.** ) <br> **and** <br> ) <br> SQUARE, INC., et al. ) <br> ) <br>         **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> REM HOLDINGS 3, LLC, ) <br> ) <br>         **Defendant.** ) | **Case No. 4:14cv172** <br> **Case No. 4:10cv2243 SNLJ** <br> **CONSOLIDATED** |

## MEMORANDUM & ORDER

This matter is before the Court on plaintiffs motion to compel (#276). Plaintiffs Robert Morley ("Morley") and his company REM Holdings 3, LLC ("REM") (collectively, "Morley") brought this action against defendant Square, Inc. and its founders, defendants Jack Dorsey and James McKelvey (collectively, "Square").[1]

---

[1] This matter consists of two consolidated actions. Case No. 4:10-cv-2243 has been stayed in its entirety pending resolution of patent issues by the Patent and Trademark Office. Morley and his company are the defendants in that case. Morley and his company are the plaintiffs in Case No. 4:14-cv-172; the

Defendants filed a response on December 17, 2015; plaintiffs replied on December 28, 2015.[2] Defendants have agreed to produce some documents that plaintiffs seek through their motion to compel. Each remaining category of documents plaintiff seeks will be discussed below.

I.      **Documents Related to Dorsey's Affiliated Companies**

In documents related to Square, Inc.'s initial public offering, Square revealed that defendant Dorsey has significant involvement with two companies that are closely affiliated with Square: West Studios, LLC and Start Small Foundation. West Studios provided $1.2 million in "consulting services" to Square. Dorsey is a managing member, has a direct ownership interest, and shares voting and dispositive power over the shares given to the company in connection with its consulting arrangement with Square. The Start Small Foundation is a charitable fund to which Dorsey has given equity in Square (and he intends to give more). After negotiations, defendants eventually revealed that Dorsey accepts a minimal salary from Square ($25,000 was the highest he received in a year), but they did not disclose Dorsey's relationship with West Studios or Start Small. Plaintiffs argue that they are entitled to information regarding Dorsey's connections to and benefits obtained from those organizations because the information is relevant to Dorsey's financial gains from the Square business. Plaintiffs seek an order requiring Square to

---

complaint in that matter includes three patent-related counts that are currently stayed, but a number of state-law counts are active and are the subject of discovery disputes addressed in this Memorandum & Order.

[2] Local Rule 7-4.01 states that responses to motions are due seven days after service; the moving party has seven days thereafter to file a reply. The motion here was filed and served on December 7, 2015. The Court will accept defendants' and plaintiffs' response and reply memoranda despite their tardiness.

"produce any documents related to Dorsey's relationship to these entities, and compensation, benefits, perquisites, or tax advantages obtained from those associations."

It appears undisputed that Dorsey has a financial stake in West Studios and that West Studios obtained $1.2 million from Square. Because Dorsey's financial gains from Square --- either direct or indirect --- are relevant to Morley's claims, the Court agrees that Dorsey's relationship with West Studios is relevant to the case. But Dorsey's relationship with the foundation that merely holds stock in Square is not. Furthermore, the scope of plaintiffs' request --- i.e., "any documents related to" his relationship with that entity --- is overly broad and burdensome. Defendants shall produce documents sufficient to show Dorsey's relationship to West Studio, Square's relationship with West Studio, and Dorsey's compensation, benefits, perquisites, and tax advantages since 2009. Defendants shall also produce documents sufficient to show how much stock Dorsey transferred to Start Small. A "scorched-earth" document production requested by plaintiffs is not necessary. However, defendants shall respond to relevant interrogatories in good faith and in accordance with this memorandum and order.

## III. Requests for Admission

Plaintiffs propounded on defendants a series of requests for admission and corresponding interrogatories to determine whether Square disputes application of certain legal principles to the facts of this case. Plaintiffs say that defendants refused to respond to certain of those Requests on the grounds that they seek legal conclusions.

Federal Rule of Civil Procedure 36(a)(1)(A) states that a request to admit may relate to "facts, the application of law to fact, or opinions about either." The Advisory Committee Notes from the 1970 Amendment observe that "an admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues." The Committee Notes provides an example of such an admission as being whether an employee acted in the scope of his employment. Such an admission may remove a major issue from the trial. The Notes further opine that although courts have been "divided on whether an answering party may properly object to a request for admission as to matters which the party regards as 'in dispute,' … The proper response in such cases is an answer."

Two categories of requests to admit are at issue here. The first category includes the following requests:

> Request No. 54: Admit that the assets [transferred by McKelvey and Dorsey when incorporating Square] were, prior to assignment to Seashell, Inc., assets of an implied or express partnership between at least Mr. McKelvey and Mr. Dorsey.
>
> Request No. 55: Admit that the assets [transferred by McKelvey and Dorsey when incorporating Square] were, prior to assignment to Seashell, Inc., assets of an implied or express partnership between Dr. Morley, Mr. McKelvey, and Mr. Dorsey.
>
> Request No. 108: Admit that before the incorporation of Seashell, Inc., Mr. McKelvey owed fiduciary duties to Mr. Dorsey.
>
> Request No. 109: Admit that, before the incorporation of Seashell, Inc., Mr. Dorsey owed fiduciary duties to Mr. McKelvey.
>
> Request No. 110: Admit that, before the incorporation of Seashell, Inc., Mr. McKelvey owed fiduciary duties to Dr. Morley.

> Request No. 111: Admit that, before the incorporation of Seashell, Inc., Mr. Dorsey owed fiduciary duties to Dr. Morley.
>
> Request No. 120: Admit that, regardless of the numbers of shares he owns, Jack Dorsey owes fiduciary duties to Square, Inc.

Plaintiffs say defendants refused to respond to these requests, but defendants say that they did respond to Requests 54, 55, 110, and 111, denying them to the extent they seek factual information. Defendants contend that Requests 108 and 109 improperly call for a conclusion about one of the ultimate issues in the case: i.e., whether an implied or express partnership existed. Similarly, defendants say Request 120 seeks admission of a legal conclusion and refuse to answer.

Defendants have denied Requests 54, 55, 110, and 111. There is thus nothing to compel. As for Requests 108, 109, and 120, the parties each cite cases in support of their contentions regarding the propriety of using Rule 36 requests to address "legal conclusions." Although ample caselaw exists regarding the application of Rule 36 requests, district courts may exercise broad discretion with regard to such discovery motions. *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355-56 (N.D. Ill. 2008) (collecting cases). The absence of hard-and-fast rules means that decisions in other cases involving requests to admit are "seldom dispositive." *Id.* at 356. Furthermore, there is room for disagreement among the courts. For example, one district court observed that "Requests for admission ... are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *First Options of Chicago, Inc. v. Wallenstein*, No. CIV. A. 92-5770, 1996 WL 729816, at *3

5

(E.D. Pa. Dec. 17, 1996) (quoting *Audiotext Comms. Network., Inc. v. U.S. Telecom, Inc.*, No. CIV.A. 9402395-GTV, 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995)). That court upheld requests for admissions regarding whether a fiduciary duty was owed under certain facts. Another court observed that "The line between a request to admit a pure legal conclusion and the application of law to fact can be murky because the application of law to fact necessarily incorporates an admission as to what the law is." *Aventure Commc'ns Tech., L.L.C. v. MCI Commc'ns Servs., Inc.*, No. 5:07-CV-04095-JEG-RA, 2008 WL 4280371, at *1 (N.D. Iowa Sept. 16, 2008).

An example of a request to admit a pure legal conclusion may be where a party asks the other to admit that it breached an agreement. *OpenMethods, LLC v. Mediu, LLC*, No. 10-761-CV-W-FJG, 2012 WL 2736471, at *2 (W.D. Mo. July 9, 2012) (holding such requests to admit were not permitted); *see also Pitts v. City of Cuba*, No. 4:10CV00274 ERW, 2012 WL 3765086, at *2 (E.D. Mo. Aug. 30, 2012) (disallowing request to admit that a party had not conspired to deprive others of rights or to obstruct justice). But similar requests for admission have been allowed in other cases because law was being applied to facts of the case. *E.g.*, *Parsons v. Best Buy Stores, L.P.*, No. 3:09-CV-00771, 2010 WL 2243980, at *2 (S.D.W. Va. May 19, 2010) (permitting request to admit that an employee was negligent for failing to secure a load to a pallet); *Aventure*, 2008 WL 4280371, at *1 (allowing request to admit that party had refused payment of tariff rates within the "safe harbor" by refusing to pay invoices).

Because requests to admit involving legal questions must be connected to the facts of the case, courts do not permit "hypothetical" questions within requests for admission. *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997) (collecting cases). The "core principle is that the requests for admission must be simple, direct and concise so [the requests] may be admitted or denied with little or no explanation or qualification." *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. 2008) (citing *United Coal v. Powell Construction*, 839 F.2d 958, 967-68 (3rd Cir. 1988)). "Hypothetical" requests are not easily answered, and they do not serve Rule 36's purpose, which is to "allow the parties to narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Id.* Ultimately, requests for admissions requiring application of law to the facts of a case are permitted to clarify an opponent's legal theories, but purely hypothetical questions not connected to facts of the case are not allowed. *See Abbott*, 177 F.R.D. at 93.

Here, Requests 108 and 109 seek admissions regarding whether Dorsey and McKelvey owed fiduciary duties to one another. These are not purely legal conclusions because they are focused on the individuals involved in this case --- they are not, e.g., statements about what a fiduciary duty is. As one court opined, "[t]here are cases that have declined to compel defendants to go through what is perceived to be a useless exercise," "[b]ut that is not the same thing as saying that the questions are impermissible." *Sommerfield*, 251 F.R.D. at 356. Requests 108 and 109 are uncomplicated. They do not seek admission of legal conclusions unrelated to the facts of this case. They properly seek

to clarify the defendants' legal theories as applied to this case. Useless exercise or not, Requests 108 and 109 are not impermissible, and defendants shall answer them.

Request 120 is more complicated, however, as it appears to ask for an admission divorced from the facts of this case: "Admit that, regardless of the numbers of shares he owns, Jack Dorsey owes fiduciary duties to Square, Inc." In fact, discovery has revealed that Dorsey owns significant shares in Square. Because Request 120 does not seek to apply law to the facts of the case, the Court will sustain defendants' objection to responding to Request 120.

The second category of requests, Requests 74-79, include

72. Admit that, if Defendants are found to have breached a fiduciary duty to Dr. Morley, that breach was perpetrated jointly by Messrs. Dorsey and McKelvey.

73. Admit that, if Defendants are found to have breached a joint venture with Dr. Morley, that breach was perpetrated jointly by Messrs. Dorsey and McKelvey.

The subsequent requests, Requests 74-79, ask the same question for each of Morley's other claims: unjust enrichment, negligent misrepresentation, fraud, fraudulent nondisclosure, misappropriation of trade secrets, and falsely claiming co-inventorship.

Defendants denied the requests because they contain incomplete hypothetical questions and fail to identify facts that would give rise to the legal conclusions sought. However, Interrogatory 29 further required defendants, for any such denials, to "describe in detail the basis for your contention that the alleged conduct was not committed jointly."

Defendants refused to respond to the interrogatory for the same reason it denied Requests 72-79.

Defendants state that they denied the requests because they use the term "if." Another court has allowed requests for admissions to be made in such a fashion, holding that use of the term "if" does not necessarily create an improper hypothetical. *Clean Earth of Maryland, Inc. v. Total Safety, Inc.*, No. 2:10-CV-119, 2011 WL 4832381, at *3 (N.D.W. Va. Oct. 12, 2011). The defendants were of course well within their rights to deny the requests for admission, as they have done. Whether defendants were required to explain their reason for denying the requests in detail, however, is a different question. An interrogatory may ask for an "opinion" or the "application of law to fact." Fed. R. Civ. P. 33(a)(2). Interrogatory 29 essentially asks why defendants contend that Dorsey and McKelvey did not act "jointly" when they engaged in certain acts. This is an answerable question. The Court understands that defendants do not want to be limited to their answers as the case progresses, but defendants may appropriately tailor their responses to avoid that problem. Defendants shall respond to Interrogatory 29.

## IV. Fiduciary Obligations

Plaintiffs propounded document requests seeking evidence of equity distributions in other entrepreneurial endeavors involving Dorsey and McKelvey, including the companies Twitter, Mira Corporation, and Third Degree Glass Factory. Defendants withhold these documents under a relevance objection. Plaintiffs state that a central issue in this case is the extent to which Dorsey and McKelvey breached their fiduciary duties to Morley by

taking Square's equity for themselves. Plaintiffs say that showing the distribution of equity among the founders of those other companies and the contributions of those founders are relevant to the general fairness of the distribution of equity in Square. The documents also relate, plaintiffs say, to Dorsey's and McKelvey's personal awareness of the proper exercise of fairness among founders in a start-up company. But this case is about the circumstances surrounding the formation of Square in 2009, not the formation of tangential corporations having nothing to do with plaintiffs. To delve into all the facts and circumstances of the formation and equity distributions for Twitter, Mira Corporation, and Third Degree Glass Factor would require significant resources and still would result in an apples-versus-oranges comparison. That information is too tangential to be relevant to this case.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to compel (#276) is GRANTED in part and DENIED in part, as described herein.

Dated this   4th   day of January, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE