## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ROBERT E. MORLEY, JR., et al.**  )<br>  )<br>          **Plaintiffs,**  )<br>  )<br>     vs.  )<br>  )<br>  )       Case No. 4:14cv172<br>  )       Case No. 4:10cv2243 SNLJ<br>  )       **CONSOLIDATED**<br>**SQUARE, INC., et al.,**  )<br>  )<br>          **Defendants.**  )<br>**and**<br>  )<br>**SQUARE, INC., et al.**  )<br>  )<br>          **Plaintiffs,**  )<br>  )<br>     vs.  )<br>  )<br>**REM HOLDINGS 3, LLC,**  )<br>  )<br>          **Defendant.**  )  | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants'[1] motion to strike plaintiffs' November 25, 2015 supplemental responses to defendants' Interrogatory No. 5 (#283).

---

[1] This memorandum refers to Robert Morley's ("Morley") and his company REM Holdings 3, LLC ("REM") as plaintiff or plaintiffs. Square, Inc. and its founders, defendants Jack Dorsey and James McKelvey (collectively, "Square") are referred to as defendants.

1

Plaintiff claims that the defendants improperly use Robert Morley's contributions to the defendants' "Square Reader" technology and wrongfully cut him out of the business. The instant motion pertains to plaintiff's trade secret claims. Previously, this Court addressed cross-motions to compel in which plaintiff sought technical information about the "Square Reader" technology, and defendants sought greater specificity for plaintiffs' trade secret allegations. Defendants refused to provide additional sensitive information about the Square Reader until plaintiffs sufficiently described what their "trade secrets" were.

After a phone conference with the Court, plaintiffs supplemented identification of their trade secrets, specifically in response to defendants' Interrogatory No. 5. Plaintiffs set forth a numbered list of Dr. Morley's trade secrets and an identification of each element of those trade secrets, both in a limiting (as opposed to an "including but not limited to") fashion:

> 1. Dr. Morley's headphone-jack card reader invention, which is defined in the following patent claims:
>    a. All claims of the '729 patent;
>    b. All claims of the '394 patent;
>    c. Claims 1–6 and 14–20 of the '248 patent;
>    d. All claims of the '946 patent;
>    e. All claims of U.S. Patent Application 14/083, 315;
>    f. All claims of U.S. Patent Application 14/444,608;
> 2. Dr. Morley's algorithm for decoding an audio signal from a headset-jack card reader on a smart phone, comprising the steps:
>    a. Peak detection;
>    b. Determining 1s and 0s from the distance between peaks;
>    c. Start sentinel detection;
>    d. Error checking: parity and longitudinal redundancy check;
>    e. Framing of 5 bit characters in track 2;

2

>    f. Odd parity bit check;
>    g. End sentinel detection;
>    h. Determination of stable 0s duration in leading 0s;
>    i. Low pass filtering to reduce noise;
>    j. Inverse filtering to undo phase distortion of high pass filter.
>
> 3. Related to both of the above, the trade secret idea of partitioning the functions of a traditional magnetic stripe card reader such that the card reader hardware is minimal and the resources of the smart phone perform most of the work.

(#236-2 at 18-19).

Defendants still objected to all three enumerated trade secrets. The Court held that Trade Secret #1 was sufficiently specific. With respect to Trade Secret #2, defendants objected that the plaintiffs had not committed to a "binding representation" that the secret required all then steps to be practiced in the listed order. The Court held that "Trade Secret #2 speaks for itself in that there is no suggestion that the order is not binding, and it is therefore a sufficient response." (#257 at 7.) However, the Court ordered plaintiff to "improve upon" the "vague language" of Trade Secret #3 by providing a "final supplement" to the interrogatory responses by November 3, 2015. Plaintiff did so, filing a "Fourth Supplemental Response" answering the Court's questions about Trade Secret #3 on November 2, 2015.

Defendants' motion pertains to plaintiff's service of yet a Fifth Supplemental Response on November 25, 2015. The Fifth Supplemental Response, in relevant part, did two things:

First, plaintiffs revised the section of their interrogatory response titled Third Supplemental Response:   they added four steps to the previously 10-step algorithm set forth in Trade Secret #2, changed the order of the steps, and added the note that the steps were to be in the "general order" stated.   Plaintiffs also added a paragraph to Trade Secret #2, stating that defendants obtained the algorithm under false pretenses and that they implemented several or all of the steps of the algorithm in the decoding software for the Square reader and application.

Second, under a new section titled Fifth Supplemental Response, plaintiffs wrote

> Plaintiffs have provided additional clarification and detail responsive to this Interrogatory within the above responses.   Plaintiffs further clarify that, with respect to each of the three trade secrets articulated above, Dr. Morley's trade secret know-how and expertise provided in implementing and prototyping those inventions for Square constitute part of each trade secret.

(*See* #284-3 at 4-6.)

Defendants now move to strike plaintiff's Fifth Supplemental Response, arguing that when defendants filed their motion in July 2014 (#151), they sought an order requiring plaintiffs to identify their trade secret allegations with "specificity and finality."   (#284 at 7.)   Defendants say that the algorithm set forth in the original Third and Fourth Supplemental Responses, served November 2, 2015, was to be the plaintiffs' "final" response.   Indeed, plaintiffs' notice of compliance with the Court's order (# ) stated that they had "served their final supplemental response to Defendants' Interrogatory #5."

Defendants fault plaintiffs for altering the language of the Third Supplemental Response and suggest plaintiffs were at best unorthodox and at worst malicious in doing

4

so.  Although it is true that altering the language of what was previously served as the "Third Supplemental Response" is an unusual practice, plaintiffs explained in the Fifth Supplemental Response that they had "provided additional clarification and detail in the above responses."  It would have been more transparent to have simply restated Trade Secret #2 in the Fifth Supplemental Response, but the Court does not find that plaintiffs sought to deceive anyone by proceeding differently.

More substantively, defendants contend that plaintiffs' responses as served on November 2 were immutable and that plaintiffs' November 25 revision and addition was forbidden.  Defendants state they have been prejudiced by the late changes to the algorithm because expert discovery was by then nearly over.  In addition, defendants argue that the new supplement includes vague and indeterminate concepts like "know-how" and "experience."

Plaintiffs respond that they filed their Fifth Supplemental Response on the last day of fact discovery.  They believed they were entitled to update all discovery responses until the November 25 fact discovery deadline, as they understood the Court's use of the word "final" as a reference to the fact that Square had repeatedly asked for supplemental responses.   Moreover, they state that any suggestion that plaintiffs have "reversed engineered" their trade secret identification after reviewing defendants' technical information is refuted by the simple fact that they served the Fifth Supplemental Response before they obtained such discovery from defendants.  Furthermore, plaintiffs explain that, in the short time they had to reframe their trade secrets, they at first relied on Dr.

5

Morley's handwritten deposition exhibit for articulation of Morley's decoding algorithm trade secret.  That articulation became Trade Secret #2 in their Third Supplemental Response, but that Supplemental Response explicitly stated that the information in their previous responses remained relevant to claims and offered helpful clarity and detail. After the Court's ruling on the cross-motions to compel, plaintiffs knew that their format and style for Trade Secret #2 had been approved, so they supplemented the response by "port[ing] additional detail from …previous responses," reprising the information "in the format now approved by the Court."  Thus, plaintiffs maintain that there could have been no surprise to defendants because was no new information presented by the Fifth Supplemental Response.

However, plaintiffs do not adequately explain their delay in finalizing Trade Secret #2, and it is that delay that primary affected defendants' ability to litigate this case.  The Court's implicit "approval" of plaintiffs' Trade Secret #2 articulation occurred on October 27, 2015.  Plaintiffs supplemented their other trade secret response on November 2, and then they waited 23 days to revise Trade Secret #2.  They filed their Fifth Supplemental Response the same day that opening expert reports were due.  Defendants state that they needed more time in fact and/or expert discovery to litigate this claim effectively.  In addition, the Court notes that plaintiffs' trade secret claim is a subject of defendants' recently-filed summary judgment motion.

The Court declines to "strike" plaintiffs' Fifth Supplemental Response in its entirety, but the Court agrees that plaintiffs' attempt to include vague notions of Morley's

6

"know-how" and "experience" as a trade secret is improper.   As for the remainder of defendants' objections, the Court will reopen discovery for the limited purpose of completing discovery needed to address plaintiffs' revised Trade Secret #2.   The Court will also permit defendants to file a new summary judgment argument as to Section VII of their memorandum.   The Court will thus entertain a proposal from defendants for appropriate additional discovery and a revised briefing schedule as to the Trade Secret aspects of the summary judgment motion.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion to strike plaintiffs' November 25, 2015 supplemental responses to defendants' Interrogatory No. 5 (#283) is DENIED in part and GRANTED in part as explained herein.

IT IS FURTHER ORDERED that the defendants shall submit a proposal for extending the period for discovery related to Trade Secret #2 and for briefing on the Trade Secret aspects of defendants' summary judgment motion no later than February 5, 2016.

Dated this  1st  day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE