UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ROBERT E. MORLEY, JR., et al.** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ) <br> **SQUARE, INC., et al.,** ) <br> ) <br> **Defendants.** ) <br> and <br> ) <br> **SQUARE, INC., et al.** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> vs. ) <br> ) <br> **REM HOLDINGS 3, LLC,** ) <br> ) <br> **Defendant.** ) | Case No. 4:14cv172 <br> Case No. 4:10cv2243 SNLJ <br> **CONSOLIDATED** |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Square, Inc., Jack Dorsey, and Jim McKelvey's motion to exclude in part the testimony of plaintiffs' expert James Malackowski (#314). The motion has been fully briefed and is now ready for disposition.

Plaintiffs seek to prove, among other things, that the defendants unlawfully cut plaintiff Robert Morley out of an alleged joint venture. Plaintiffs have offered the expert report of James Malackowski in support of their claims. Specifically, and relevant to defendants' motion, plaintiffs offer Malackowski's opinion regarding the typical

expectations of participants in early stage ventures.   Defendants move for exclusion of this aspect of Malackowski's testimony on the basis that Malackowski seeks to offer the jury his personal findings of fact and an impermissible legal conclusion that the parties formed a joint venture.

This Court must act as a "gatekeeper" to "insure that proffered expert testimony is both relevant and reliable."  *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003)); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).    Federal Rule of Evidence 702 governs the standard for this Court's admission of expert testimony.   It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Critically, defendants do not seek exclusion of all of Malackowski's testimony. Malackowski was retained to opine on "damages and business issues" according to the declaration filed with his expert report.   The report itself is 56 pages long: pages six through 29 reviews the facts of the case, and pages 29 through 56 provides Malackowski's opinion on damages due to plaintiff.   Defendants seek exclusion of Malackowski's interpretation of the facts of the case and his conclusion that Morley entered into a joint

venture with defendants (pages 6-29).   Defendants maintain that Malackowski's opinion violates Rule 702 by reaching the ultimate legal issues in the case, that the opinion is not the product of reliable principals and methods, and that Malackowski is not qualified to opine on such issues anyway.

Defendants also characterize Malackowski's testimony as unreliable, unhelpful, and impermissible, largely because whether or not an implied joint venture resulted from the parties' conduct in 2009 is a legal conclusion to be reached by the judge or jury.   At page 28 of his report, Malackowski states "it is my opinion that Dr. Morley's relationship with Mr. Dorsey and Mr. McKelvey could be characterized as a partnership or joint venture."   Then, at his deposition, Malackowski testified that the parties did in fact create a joint venture.   Plaintiffs state that Malackowski will not present his opinion that a joint venture existed.   Rather, plaintiffs frame Malackowski's testimony as "presenting start-up business norms to the jury" and state that his "opinions at trial will provide helpful orientation to a jury that is unlikely to have experience in startup companies."   (#329 at 1-2.)

It is well-settled that experts may not offer legal conclusions about a case.   *In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899, 905 (8th Cir. 2005).   Plaintiffs insist that Malackowski simply presents business norms and that his opinions will be helpful to a jury unlikely to have experience in startups.   In particular, plaintiffs posit that Malackowski "intends to opine, based on his extensive experiential expertise, about typical standards, behaviors, and assumptions in the world of early-stage joint ventures" and that

3

based on the facts, "other similarly situated parties at similarly nascent stages of business *would assume* themselves to be joint owners of the business…". (#329 at 4 (emphasis added).)   These, plaintiffs insist, are not legal conclusions.

Whether or not such testimony constitutes a legal conclusion, Rule 702 requires that the "specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue."   It is longstanding law that "expert" testimony is properly excluded

> if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation,

*Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962) (quoting *U.S. Smelting Co. v. Parry*, 166 F. 407, 415 (8th Cir. 1909)).   To be sure, as plaintiffs say, expert testimony is sometimes appropriate regarding "industry norms."   Cases relied upon by plaintiffs, however, involve expert testimony on franchisor site review and evaluation processes, *TCBY Sys., Inc. v. RSP Co.*, 33 F.3d 925, 929 (8th Cir. 1994), and testimony on occupational safety regulatory standards, *Pless v. Cleveland Wrecking Co.*, No. 01-CV-0792(SR), 2006 WL 2690074, at *3 (W.D.N.Y. Sept. 18, 2006).

Here, concepts surrounding human interaction and basic business activity will not be foreign to the jury.   These matters are not technical or complex.   Allowing Malackowski to testify as to what "typical founders presume" and "believe" regarding ownership (#329 at 11) would be improper because it is unnecessary.   Malackowski's

4

testimony is thus impermissible because it is not helpful to the jury and, cloaked as expert testimony, would be unduly prejudicial.  "[A]ll the primary facts can be accurately and intelligibly described to the jury," and jurors "of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions" as anyone else. *Salem*, 370 U.S. at 35.  The jury will determine the intent of the parties based on their testimony and contemporaneous evidence.  Although Malackowski may testify as to his assumptions --- *e.g.*, Malackowski assumes a joint venture was formed for the purpose of his damages calculations --- the validity of those assumptions are for the jury to discern. *See Thomas v. Barze*, 57 F. Supp. 3d 1040, 1059 (D. Minn. 2014) (citing *Richman v. Sheahan*, 415 F.Supp.2d 929, 942 (N.D. Ill. 2006)).

Defendants argue further that Malackowski should be barred from offering his opinion because he is not qualified to render opinion on expectations of participants in early stage ventures, and because his methodology is flawed.  The Court need not address these arguments, however, because it is clear that Malackowski should be prohibited from offering his opinion that the parties were in a joint venture together.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to exclude in part the testimony of James Malackowski (#314) is GRANTED.

Dated this   29th   day of April, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

5